Schwartz *v.* Jaffe, Appellant, et al.

Argued October 13, 1936. Before KEPHART, C. J., SCHAFFER, DREW, LINN and STERN, JJ.

*James E. Marshall,* of *Marshall & McCandless,* for appellant.

*John E. Evans, Jr.,* of *Margiotti, Pugliese, Evans & Buckley,* with him *Carmen V. Marinaro* and *Morris D. Canter,* for appellee.

*J. Campbell Brandon,* with him *W. D. Brandon* and *Hugh S. Millar,* for additional appellees.

Opinion by Mr. Chief Justice Kephart, November 23, 1936:

Jaffe, driving over a new highway in process of construction to Butler City, approached its intersection with the old road. At this point, traveling from 40 to 45 miles an hour, he turned from the new road onto the old and had proceeded about 75 feet when the car encountered a depression in the roadbed. It veered sharply to the right and the impact caused Jaffe to lose control and, to avoid a collision with a telephone pole he turned the car so rapidly that it overturned. Plaintiff, a passenger in the car, sustained severe injuries to the face which resulted in permanent disfigurement and loss of sight of her right eye. The depression was the result of an excavation by the York Engineering & Construction Company for the purpose of placing a culvert beneath the roadbed. This action was brought against Jaffe and the Construction Company as joint defendants. At the conclusion of the trial, both defendants requested binding instructions which the court granted to the Construction Company but denied to Jaffe, submitting his negligence to the jury; it found against him. The court refused his motion for judgment n. o. v. and, on plaintiff's motion, granted her a new trial. Jaffe appeals.

The new trial was awarded because the verdict was inadequate. The power to set aside a verdict on the ground of inadequacy may be exercised whenever it appears to the court below that the amount is patently insufficient; an appellate court will not interfere with its exercise of discretion in this matter unless a gross abuse appears. See *Bradwell v. Pittsburgh, etc., Pass. Ry. Co.*, 139 Pa. 404; *Murray v. Hoffman*, 115 Pa. Superior Ct. 148; *Harrison v. Goldstein*, 91 Pa. Superior Ct. 538; *Hammaker v. Watts Twp.*, 71 Pa. Superior Ct. 554; *Spence v. Stockdale Boro.*, 57 Pa. Superior Ct. 622; *Woodward v. Consolidated Traction Co.*, 17 Pa. Superior Ct. 576. The verdict was for $3,000, the jury specifying that $460 of this sum was for medical expenses,

$500 for loss of wages from October 10 to March 4, 1935, and $2,040 for loss of an eye, disfigurement, suffering and future expenses. The injuries to appellee were most serious and her visual ability has been greatly impaired. The testimony shows that, in addition to nose and facial injuries, she has permanently lost the sight of her right eye. A physician testified that the left eye may be sympathetically affected and, to prevent total blindness, the removal of the injured eye and its replacement with a false one may be necessitated. Prior to this accident she was employed as a bookkeeper and earned $100 a month. When she again found employment in March of 1935, she was forced to take an occupation of a different nature, due to her lack of visual ability, at a salary of $60 a month. The trial judge instructed the jury to take into consideration this loss of earning capacity and its prospective effect, but the jury's own apportionment of their verdict clearly shows that they neglected to consider this item. It was for this reason that the court below deemed the verdict inadequate and, in view of the nature of the injuries and the uncontroverted fact that her earning power has been impaired, no abuse of discretion in granting a new trial on this ground can be found.

Nor is there difficulty with appellant's negligence. He was familiar with the road, having traveled over it on numerous occasions. His knowledge that construction was going on and that there was a possibility of obstructions or other hindrances to free passage, made it incumbent upon him to exercise even a higher degree of care than would ordinarily be required: *Brenton v. Colbert,* 305 Pa. 277. The accident occurred at night and, in this circumstance, as we have often stated, a driver of a motor vehicle must proceed at such pace, with such caution and with such use of his faculties that his headlights will disclose to him impediments to his travel, and have his car under such control that, when these are disclosed, he will be enabled to avoid the dangers present. In *Janeway v. Lafferty Bros.,* 323 Pa. 324, 185 A. 827,

this court stated: "The decisions of this Court have firmly established the rule, that it is the duty of the driver of an automobile so to operate his machine in the darkness as to be able to stop or avoid any obstacle which may present itself within the range of his lights. [cases.]" Pointing out that the range of vision varies according to the circumstances, the court continued: "Whatever it [the range of vision] may be, the duty imposed on the driver varies accordingly, and he must so operate his car as to be able to stop safely within that distance." See also *Simrell v. Eschenbach,* 303 Pa. 156, 159, 160; *Stark v. Fullerton Trucking Co.,* 318 Pa. 541; *Shoffner v. Schmerin,* 316 Pa. 323, 327; *Galliano v. East Penn Electric Co.,* 303 Pa. 498, 503. True, these cases were concerned with auto collisions and not with the problems of discerning and avoiding dangers presented by road conditions, but, in *Serfas v. Lehigh & New England Railroad Co.,* 270 Pa. 306, 308, we said: ". . . it is the duty of a chauffeur traveling by night to have such a headlight as will enable him to see in advance the *face of the highway* and to discover grade crossings, or other obstacles in his path, in time for his own safety, and to keep such control of his car as will enable him to stop and avoid obstructions that fall within his vision." See also *McCann v. Penna. R. R. Co.,* 119 Pa. Superior Ct. 205.

The facts show appellant was derelict in the performance of these duties. He turned from the new highway into the old at a speed of approximately 45 miles an hour. While speed in itself is not conclusive of negligence *(Collichio v. Williams,* 311 Pa. 553), the condition of the highway must be considered. The road was dark, the grade downward and appellant knew that the intersection was one at which he would encounter a new and more hazardous road surface, as the road on which he was traveling was concrete and the road into which he turned was not. The angle of the turn was such that his headlights would not immediately reveal the condition

of the old road, although once on the straight-of-way they would show to the ditch and even beyond. Under the circumstances it is obvious that the speed of approach combined with carelessness of observation thrust him upon the danger which a more prudent man, having so great a familiarity with the road, would certainly have avoided. It further appears that this ditch was marked by the contractors with a red lantern. This was an additional circumstance which immediately compelled the exercise of a greater degree of care. The court would not have been justified in directing a verdict and the judgment n. o. v. was properly refused. The cases cited by appellant *(Ferrell v. Solski,* 278 Pa. 565; *Simpson v. Jones,* 284 Pa. 596; *Riley v. Wooden,* 310 Pa. 449) are easily distinguishable, and do not rule the instant case.

Appellant also argues that the court below erred in directing a verdict for the Construction Company. Our decisions have not clearly decided as to the right of a defendant in an action of trespass to object to the direction of a verdict in favor of a co-defendant. In *Vendig v. Union League of Phila.,* 291 Pa. 536, plaintiff brought an action against two defendants. The jury returned a verdict against both. The court entered judgment n. o. v. as to one of the defendants and refused it as to the other. Three appeals were taken; the first by one of the defendants as to the refusal to enter judgment in its favor; the second by the same defendant from the judgment n. o. v. in favor of the co-defendant; the third by plaintiff from the entry of the same judgment n. o. v. The court said (p. 539, 540) : "It is probable that the second of these appeals could not be sustained under any circumstances *(Cleary v. Quaker City Cab Co.,* 285 Pa. 241), but, in view we take of the case, it is not necessary to decide the point."

In *Cleary v. Quaker City Cab Co.,* cited by the court, we entered a non-suit as to one of the co-defendants. The other co-defendant appealed from the refusal to re-

move the non-suit. The court held that it had no standing to appeal, but rested its decision principally on the fact that a non-suit does not make any of the issues res judicata. However, in *Stone v. Phila.*, 302 Pa. 340, the court directed the reversal of a judgment n. o. v. as to one defendant upon appeal by the other defendant. The court recognized the doctrine enunciated in *Cleary v. Quaker City Cab Co.*, supra, but said: "As the whole record of the case is in this court, under the broad powers conferred upon us . . . 'to minister justice to all persons,' we can make such an order as will enable plaintiff to reassert his claim against Levin [co-defendant] by moving the court below to take off the nonsuit as to him. Otherwise plaintiff's rights are lost, as the time within which he might commence an action has expired."

As the question to be decided where a plaintiff sues more than one defendant is the liability to the plaintiff of one or more of the defendants, they should be put on equal terms concerning that liability, and the one on whom the court below places such liability, should be permitted to object to the release of his co-defendant and to follow that objection to this Court, if necessary. The question is basic and a co-defendant may appeal from an order releasing a defendant from liability on a general exception.*

---

* The Act of June 29, 1923, P. L. 981, provides that "Whenever . . ., in the opinion of the trial judge, the evidence may not justify a recovery against some of them, the suit shall not be dismissed as to all, but the case shall be submitted to the jury, if the facts are in dispute, to determine which, if any, of them, are liable, or, if the facts are not in dispute, the question of liability of any or all of them may be reserved for consideration by the court in banc, or the suit may be dismissed as to some and the trial proceed against the others, in every such contingency, with the same effect as if the defendants ultimately found to be liable were the only ones alleged to be so." The broad latitude given to the court below under this Act and the wide scope of inquiry by the jury and the apparent intention to permit a form of procedure in which all

Our review of the record discloses no evidence that the depression caused by the excavation work by the Construction Company was a proximate cause of appellee's injury, even if it be conceded that it was negligently done. It is well settled that where there has been negligence in the doing of an act, the result of which is the creation of a dangerous condition, no liability will attach to the one responsible for the condition if an injury results which was not caused directly by this act, but rather by the intervening negligent conduct of a third party. The negligence complained of must be the effective and active cause of the injury. If it is merely a passive cause, it cannot give rise to liability. The underlying governing principles are fully set forth in *Stone v. Phila.,* supra, at p. 344; *Hoffman v. McKeesport,* 303 Pa. 548.

The proximate cause of appellee's injuries was the negligence of the appellant Jaffe. The Construction Company was under no duty to anticipate the negligence of others in respect to the ditch which it had constructed. Had Jaffe exercised due care no injury would have resulted from the conduct of his co-defendant. Under these circumstances Jaffe alone is liable. This conclusion is inevitable. The court therefore committed no error in directing the jury to find a verdict for the Construction Company.

The appeal is dismissed and the order of the court below granting a new trial is affirmed with a procedendo.

---

collateral issues could be decided, indicate that any of the parties interested may bring for review any of the rulings in the court below which may act to his prejudice. In *Gable v. Yellow Cab Co.,* 300 Pa. 37, and *Lang v. Hanlon,* 305 Pa. 378, we took up and discussed rulings as to one of the defendants on an appeal by the co-defendant.