East Broad Top Transit Company *v.* Flood
(Yankee Lines, Inc., Aplnt.).

Argued April 19, 1937. Before KEPHART, C. J., SCHAF-
FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Thomas F. Bailey,* with him *Swirles L. Himes,* for
appellant.

*Robert H. Henderson,* with him *John D. Dorris,* for
appellee.

OPINION BY MR. JUSTICE STERN, May 27, 1937:

Plaintiff's bus overtook and attempted to pass a truck
on the road ahead and to the right of it. The truck,
without warning, turned sharply left across the high-
way. A collision resulted. The present action is to re-
cover for damage to the bus.

The statement of claim alleged that the driver of the
truck failed to signal his intention to cut across the

pathway of the approaching bus; also that the direction lights on the truck were not in working order.

Among the issues at the trial was the relationship of the defendants to one another. At the time of the accident the truck was driven by defendant Flood and the title was in his name. Plaintiff presented evidence to the effect that defendant Yankee Lines, Inc. was either the real owner or the lessee from Flood, the truck being operated on the freight-hauling business of Yankee Lines, Inc. and Flood being merely its employe.

The jury rendered a verdict as follows: "And now Oct. 3, 1936, we the jurors empaneled in the above entitled case, find verdict in favor of the plaintiff, the sum of thirty-nine hundred dollars, against Yankee Lines, Inc., defendant," and judgment was entered accordingly.

The present appeal is by the corporate defendant, and is confined to two complaints: first, that the trial judge instructed the jury that they could bring in a verdict against either defendant and refused to charge that they could not find a verdict against Yankee Lines, Inc., unless they also found a verdict against Flood; and, second, that the verdict rendered was inconsistent and should be set aside because it imposed liability upon Yankee Lines, Inc., but none upon Flood, although, as Flood's employer, the liability of Yankee Lines, Inc., could be only derivative.

Appellant apparently overlooks the fact that under the pleadings and the proofs it was possible for the jury to find that the accident was caused, not by any negligence of Flood in the operation of the truck, but by that of his employer in not having the signal light in working condition. With such a device on the truck the driver was justified in relying upon it and not employing other means of notifying approaching traffic of his intention to change his course. There was evidence that although he operated the switch the signal did not flash. This established a prima facie case against appellant

because of the defective mechanism and justified a verdict against it on the basis of a primary liability.

The fact that the jury rendered no finding as to defendant Flood presents a more serious question and one which, on a proper record, might have justified appellant's attack. Neither as to a defect in the mechanism nor as to negligent operation were defendants joint tortfeasors. Whatever contrariety of opinion exists among other jurisdictions (18 R. C. L. 780, sec. 241; 98 A. L. R. 1057 et seq.; 39 C. J. 1314, sec. 1515), under common-law practice in Pennsylvania, servant and master, not being joint tortfeasors, could not be sued jointly where the liability of the latter was based upon the doctrine of respondeat superior: *Betcher v. McChesney,* 255 Pa. 394. See *Brennan v. Huber,* 112 Pa. Superior Ct. 299, 303. But now, since the acts permitting the bringing in of additional defendants, whether liable over to the original defendant, or jointly or severally liable with him, or solely liable,* there is no objection to a plaintiff joining master and servant in one action, whatever the basis of their respective liabilities: *Williams v. Kozlowski,* 313 Pa. 219, 225-26; *Parker v. Rodgers,* 125 Pa. Superior Ct. 48, 52. The object of this legislation was to enable the parties involved in the litigation, whether as plaintiffs or defendants, to determine in the same action all of their obligations to one another in respect to the subject-matter of the suit. In the present case, if the jury's verdict against appellant was based upon the condition of the signal light, Flood would not be liable over to appellant. If, on the other hand, the jury found against appellant because of a negligent operation of the truck, there would exist a right of recovery over against Flood, whose negligence would have made him primarily liable: *Betcher v. McChesney,* 255 Pa. 394, 398; *Parker v. Rodgers,* 125 Pa. Superior Ct. 48,

---

* Act of April 10, 1929, P. L. 479; Act of June 22, 1931, P. L. 663.

53. It was therefore important to appellant, and a right on its part, to ascertain from the jury, by a finding in regard to Flood, whether the verdict was intended to vest in appellant such a right of recovery over; otherwise the purpose of the additional-defendant statutes, which alone justify the joinder of these defendants in the one action, would be frustrated. That a defendant has the right to challenge the judicial release of a co-defendant is now established: *Schwartz v. Jaffe,* 324 Pa. 324, 330, 331.

The trouble with the position in which appellant finds itself is that, neither at nor after the trial, did it avail itself of its right to insist upon a verdict fixing the status of the individual defendant; it has therefore only itself to blame for the situation of which it now complains. The rendering of a verdict is subject to the same rules in regard to objections, exceptions and waivers as apply to all other parts of the trial. Before the verdict in the present case was recorded appellant should have objected to its being received. Since appellant remained silent, and without complaint allowed the jury to be discharged, it would manifestly be unfair to plaintiff to grant a new trial after a recovery of a verdict against appellant on the merits of the case. The failure of the jury to bring in a verdict as to Flood may have been mere inadvertence upon their part which would have been corrected had their attention been called thereto; appellant could readily have elicited from them what he now seeks to have another jury determine. Moreover, even after the reception of the verdict, appellant could have moved the court to mould or amend it so as to make it conform with the jury's apparent but unexpressed intention; this would have been a matter within the sound discretion of the court: *Shively v. McDonnell,* 308 Pa. 298, 301; *Nelson v. Philadelphia Rapid Transit Co.,* 314 Pa. 27; *Reppert v. White Star Lines, Inc.,* 323 Pa. 346, 351. By its failure to take advantage of either of these means of relief appellant must be regarded as

358

having waived its rights: *Van Damme v. McGilvray Stone Co.,* 22 Cal. App. 191, 133 Pac. 995; *Benson v. Southern Pacific Co.,* 177 Cal. 777, 171 Pac. 948.

Judgment affirmed.

Mr. Justice SCHAFFER dissents.