Schriver *v.* Friedenheit et al. (Pelgram & Meyer, Appellants).

Argued May 26, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*F. Brewster Wickersham,* of *Metzger & Wickersham,* for appellants.

*Carl B. Stoner*, of *Caldwell, Fox & Stoner*, for appellee.

*Paul G. Smith*, Solicitor for City of Harrisburg, appellee.

*George H. Hafer*, with him *Geo. Ross Hull*, of *Snyder, Hull, Hull & Leiby*, and *Edmund G. Hauff*, for Pennsylvania Power & Light Company, appellee.

OPINION BY MR. JUSTICE LINN, July 7, 1937:

Plaintiff was injured by a fall on a sidewalk. The abutting property was owned by Pelgram & Meyer, the appellants, hereafter called owner. In her suit she named three defendants—1, the owner, 2, the City of Harrisburg, hereafter called the city, and 3, Pennsylvania Power & Light Company, hereafter called the Light company. For present purposes we may assume that the liability of the city is secondary. The Light company desiring a more specific statement, obtained a rule on plaintiff to file one. It was made absolute, but plaintiff did not comply with it. The Light company then obtained a rule to show cause why judgment of non pros. as to it should not be entered; the rule was directed to the plaintiff and the other two defendants. The defendants answered by denying authority to enter such a judgment in favor of the Light company "for the reason that they should be permitted to offer evidence showing liability on the part of said [Light company] at the trial of the cause," at which time they expected to prove that the pole mentioned in the statement of claim was owned and used by the Light company or its predecessor in title.* The judgment of non pros. was granted

---

* While this case might be made the basis for some suggestion as to procedure by which one of several defendants sued jointly may require co-defendants to put on the record the nature of the claim to be made by either against the moving defendant, we shall not now deal with the subject, as it will probably call for attention by

and the owner appealed. Compare *Schwartz v. Jaffe*, 324 Pa. 324, 331, 188 A. 295.

The decision below turned on the sufficiency of plaintiff's averment of negligence; we all think it is sufficient to put in issue the liability of the Light company to the plaintiff. She averred that at noon, March 17, 1934, while walking on the sidewalk "her left foot caught in the depression" with serious resulting injury; that the depression was "about seven inches in diameter and twelve inches deep" located about "six inches west of the curb line . . . about two feet south of" a particular point definitely specified. She alleged that this depression had been maintained by the defendants for "a long time" and that they had neglected to repair it. Her statement also contained three paragraphs at the end, two of which related to the Light company. "18. All of these matters are likewise the result of the negligence and carelessness of the Pennsylvania Power and Light Company in that it removed its pole at the aforementioned point a long time prior to the happening of the grievances herein complained of and failed to fill up properly the hole left as the result of the removal of said pole. 19. These matters are likewise the result of the negligence and carelessness of the Pennsylvania Power and Light Company in permitting the depression resulting from the removal of their pole to exist in the sidewalk for a long period of time."

The Light company contends that plaintiff should have stated how long the depression existed and what its connection with the place was and approximately when it removed the pole and "in what manner or particular [the Light company] failed to fill up properly the hole left as the result of the alleged removal of said pole."

---

the committee to be appointed pursuant to the Act of June 21, 1937, P. L. 1982, providing authority for the making and adoption of rules of practice and procedure.

In the circumstances we think the rule for judgment of non pros. should have been discharged.

Judgment reversed and the record is remitted for further proceedings.