441 A.2d 412

Gary L. SAMSEL, Mason L. Samsel and Joanne A. Samsel, His Wife, Appellants,

v.

The TRAVELERS INDEMNITY COMPANY, Nationwide Mutual Insurance Company, Universal Underwriters Insurance Company, Pennsylvania Assigned Claims Plan and Assigned Claims Bureau.

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed Feb. 5, 1982.

Petition for Allowance of Appeal Denied May 6, 1982.

John Arnold Crisman, Berwick, for appellants.

Anthony J. Lumbis, Wilkes-Barre, for Traveler's, Indem. Co., appellee.

Joseph J. Musto, Wilkes-Barre, for Nationwide, Mut. Ins. Co., appellee.

William W. Warren, Jr., Scranton, for Pennsylvania Assigned Claims Plan, appellee.

Before HESTER, CAVANAUGH and VAN der VOORT, JJ.

VAN der VOORT, Judge:

The issues in this case are whether the operator of a motorcycle who was injured in a collision with an automobile covered under the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. § 1009.101 et seq., is entitled to recover no-fault benefits from the insurer of the automobile; and if not, whether his exclusion from coverage is constitutional.

The appellant, Gary L. Samsel, was the operator of a motorcycle, and Mason L. and Joanne A. Samsel are his parents. The three Samsels have sued to recover no-fault basic loss benefits based on Gary's injuries. They have named as defendants Nationwide Mutual Insurance Company, which was the insurance carrier for the operator of the automobile involved in the accident; The Travelers Indemnity Company, the insurance carrier for Mason L. Samsel;

Universal Underwriters Insurance Company, the issuer of a motorcycle insurance policy for Gary L. Samsel; and Pennsylvania Assigned Claims Plan and Assigned Claims Bureau. The Bureau is in the same position as the other insurance carriers with respect to appellants' claim. The Assigned Claims Plan was established under Section 108 of the No-Fault Act, 40 P.S. § 1009.108(b), to provide basic loss benefits to victims with claims covered by the Act, but who were unable to collect such benefits from an insurance carrier for any of the reasons set forth in § 108(b). Universal Underwriters Insurance Company could not be located and was not served with process.

The appellees who were served with process have each filed Preliminary Objections to the Complaint in the nature of demurrers. The lower Court has sustained their objections and dismissed the Complaint.

It is the appellants' position that the operator of the motorcycle was the "victim" of a collision with an automobile covered by the No-Fault Act as defined in Section 201, 40 P.S. § 1009.201(a), and that as a consequence he is entitled to receive basic loss benefits as defined by Section 103, 40 P.S. § 1009.103.

While a motorcycle is a "motor vehicle" within the scope of the No-Fault Act, Section 103, 40 P.S. § 1009.103, thereby making available basic loss benefits to a "victim" of a motorcycle accident other than the operator or passenger of a motorcycle, *Singer vs. Sheppard*, 464 Pa. 387, 406 n.29, 346 A.2d 897, 907 n.29 (1975), the operator and passenger are not similarly covered because of their specific exclusion by Section 103, 40 P.S. § 1009.103, which reads in part:

"Basic loss benefits" means benefits provided in accordance with this act for the net loss sustained by a victim, subject to any applicable limitations, exclusions, deductibles, waiting periods, disqualifications, or other terms and conditions provided or authorized in accordance with this act. Basic loss benefits do not include benefits for damage to property. *Nor do basic loss benefits include benefits for net loss sustained by an operator or passenger of a motorcycle.* (Emphasis added.)

However, Section 301 of the No-Fault Act reserves to persons thus excluded the right to bring a tort action outside the scope of the No-Fault Act to recover damages. 40 P.S. § 1009.301(a)(6). The appellants have in fact brought such a tort action against the driver of the automobile involved in the collision with the motorcycle.

■ Neither are the parents of the operator of the motorcycle entitled to recover basic loss benefits because they are not "victims" of the accident as defined in Section 201 of the No-Fault Act. 40 P.S. § 1009.201.

The appellants call our attention to decisions in Michigan and New York which sustain the right of an injured motorcycle operator to recover No-Fault benefits under the No-Fault statutes of those states: *Hill v. Aetna Life & Casualty Company*, 79 Mich.App. 725, 263 N.W.2d 27 (1977); *Montgomery v. Daniels*, 38 N.Y.2d 41, 378 N.Y.S.2d 1, 340 N.E.2d 444 (1979). However, these decisions shed no light on the proper construction of the Pennsylvania No-Fault Act, because neither the Michigan nor the New York statute contains any language comparable to the exclusion of an operator or a passenger of a motorcycle from "basic loss benefits" as defined in Section 103 of the Pennsylvania Act.

We conclude that neither Gary L. Samsel or his parents herein, have any basis for recovery of basic loss benefits under the No-Fault Act.

■ The constitutionality of the Pennsylvania No-Fault Act was comprehensively reviewed and sustained under both Federal and State Constitutions in *Singer*. In that opinion, the Court sustained the right of the legislature to make the Act applicable to certain motor accidents and not to others and considered specifically the constitutionality of excluding the operator or passenger of a motorcycle and remitting such persons to a tort action outside the Act for recovery of his damages. It pointed out the reasonableness of such an exclusion because of the greater risk of serious injury to an operator or a passenger of a motorcycle and the resulting increase in No-Fault insurance premiums if such persons

were to be included. The Court also sustained the constitutional right of the legislature to deal with the problem of compensation for highway vehicle accidents one step at a time, starting with the lesser accidents and reserving the more serious ones, including those to the operator or passenger of a motorcycle, for another day. *Singer*, 464 Pa. at 406–07, 346 A.2d 897.

The appellants seek to escape the ruling in *Singer* by the contention that, while the No-Fault Act is constitutional, its application in this case becomes unconstitutional as a denial of the equal protection of the law if it is construed in such a way as to exclude the operator of a motorcycle from coverage. However, that is exactly the constitutional issue that the Court considered and ruled upon in *Singer*. 464 Pa. at 406, 346 A.2d 897.

The No-Fault Act being constitutional and having specifically excluded the operator of a motorcycle from the recovery of basic loss benefits, the lower Court was correct in dismissing the Complaint.

Affirmed.