462 A.2d 836

**Sherry GREIDER, a minor, By her mother and natural guardian, Nancy RYAN, and Nancy Ryan, in her own right, Appellants,**

v.

**PENNSYLVANIA ASSIGNED CLAIMS PLAN, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 3, 1983.

Filed July 8, 1983.

Jerry L. Cohen, Philadelphia, for appellants.

David B. Glancey, Philadelphia, for appellee.

Before WIEAND, McEWEN and MONTGOMERY, JJ.

WIEAND, Judge:

The issue in this appeal is whether Section 201 of the Pennsylvania No-fault Motor Vehicle Insurance Act[1] is unconstitutional on due process or equal protection grounds because it limits the recovery of basic loss benefits to an insured or the driver or occupant of a secured vehicle if the accident occurs outside Pennsylvania. We hold that the statutory limitation is constitutional. Therefore, we affirm the trial court's order entering a summary judgment dismissing, with prejudice, a claim for basic loss benefits where the claimant, injured in a New Jersey automobile accident, was neither an insured nor an occupant of a secured vehicle.

Sherry Greider, a minor and a resident of Pennsylvania, was an occupant of a vehicle owned and operated by Steven Stackhouse, also a resident of Pennsylvania, when the vehicle was involved in a one-car accident in Berlin, New Jersey, on July 5, 1978. Neither Sherry Greider nor any member of her household owned an automobile or was an insured under a policy of motor vehicle insurance. The vehicle owned and operated by Stackhouse was not an insured vehicle, and Stackhouse was not insured under any other policy of insurance. Sherry filed a claim for basic loss

1. Act of July 19, 1974, P.L. 489, No. 176, § 201, 40 P.S. § 1009.201.

benefits with appellee, Pennsylvania Assigned Claims Plan, which denied the claim. The insurance company did so on grounds that the minor appellant was not entitled to no-fault benefits because she had been injured in an out of state accident and was not an insured or the driver or occupant of a secured vehicle as required by Section 201(b) of the No-fault Act, 40 P.S. § 1009.201(b). Mrs. Ryan, Sherry's mother, who was not an occupant of the Stackhouse vehicle at the time of the accident, filed a claim for work loss benefits based upon her voluntary absence from work to care for Sherry following her release from the hospital. The Pennsylvania Assigned Claims Plan also refused Mrs. Ryan's claims on grounds that she was neither a victim nor the survivor of a deceased victim as required by Section 201 of the No-Fault Act, 40 P.S. § 1009.201. See: *Samsel v. Travelers Indemnity Company,* 295 Pa.Super. 188, 191, 441 A.2d 412, 414 (1982) allocatur denied May 6, 1982; *Erie Insurance Exchange v. Fleagle,* 285 Pa.Super. 310, 313, 427 A.2d 651, 653 (1981).[2]

Section 201 of the No-Fault Act provides:

**"Right to basic loss benefits; limitation on benefits**

(a) **Accident within this State.**—If the accident resulting in injury occurs in this Commonwealth, any victim or any survivor of a deceased victim is entitled to receive basic loss benefits in accordance with the provisions of this act.

(b) **Accident outside this State.**—If the accident resulting in injury occurs outside of this Commonwealth, a victim or a survivor of a deceased victim is entitled to receive basic loss benefits if such victim was or is:

(1) an insured; or

(2) the driver or other occupant of a secured vehicle."

40 P.S. § 1009.201.

■ It is apparent that the No-fault Act distinguishes between injuries attributable to accidents occuring within

2. On appeal to this Court, Mrs. Ryan has not contended that the dismissal of that part of the complaint seeking work loss benefits in her own right was improper.

and those occurring outside Pennsylvania and expressly provides that basic loss benefits are unavailable where an accident occurs outside the Commonwealth and neither the victim nor the vehicle in which the injury was sustained was insured. See: *Lyngarkos v. Commonwealth, Department of Transportation,* 57 Pa.Cmwlth. 121, 125, 426 A.2d 1195, 1198 (1981). Under such circumstances, an injured person is not entitled to no-fault benefits but is free to seek recovery for damages in a common law tort action. 40 P.S. § 1009.301. See: *Samsel v. Travelers Indemnity Company, supra* 295 Pa.Super. at 191, 441 A.2d at 414; *Lyngarkos v. Commonwealth, Department of Transportation, supra* 57 Pa.Cmwlth. at 125, 426 A.2d at 1198.

■ Appellants argue that the denial of basic loss benefits to an uninsured victim injured outside of Pennsylvania while a passenger in an uninsured vehicle violates the victim's right to equal protection and due process. We disagree.[3] "In drafting the No-fault Act, the Legislature sought to insure that all individuals injured as a result of motor vehicle accidents *in the Commonwealth* would be equitably compensated for their injuries. 40 P.S. § 1009.-102(a)(3), (9), and (b)." *Borrell v. Continental Casualty Company,* 310 Pa.Super. 554, 558 n. 2, 456 A.2d 1074, 1076 n. 2 (1983) (emphasis supplied). See also: *Singer v. Sheppard,* 464 Pa. 387, 403, 346 A.2d 897, 905 (1975); *Monaghan v. Pennsylvania Manufacturers' Association Insurance Co.,* 301 Pa.Super. 419, 422, 447 A.2d 1037, 1038 (1982); 40 P.S. § 1009.102(b). The No-fault Act was "not intended to be a panacea for all injuries that could be traced to a motor vehicle . . . ." *Monaghan v. Pennsylvania Manufacturers' Association Insurance Co., supra,* 301 Pa.Superior at 424, 447 A.2d at 1040. It does not provide no-fault benefits for residents of Pennsylvania, irrespective of the purchase of insurance protection, who are injured in accidents occurring in other states or parts of the country. If no-fault benefits are unavailable, however, the right to bring a common law

---

3. We observe that such victims are not precluded from *purchasing* insurance providing coverage for such injuries.

tort action remains. The legislature expressly provided that tort liability should be abolished only "with respect to any injury that takes place *in this State in accordance with the provisions of this act....*" 40 P.S. § 1009.301(a) (emphasis supplied).

It is well settled that "[t]he establishment of boundaries for varied treatment is a function oft-performed by the legislature and seldom questioned by the courts. *Goodman v. Kennedy*, 459 Pa. 313, 326–327, 329 A.2d 224, 228–29 (1974)." *Singer v. Sheppard, supra* 464 Pa. at 403, 346 A.2d at 905 (footnote omitted). " '[T]he Fourteenth Amendment does not deny to States the power to treat different classes of persons in different ways.' *Reed v. Reed*, 404 U.S. 71, 75, 92 S.Ct. 251, 253, 30 L.Ed.2d 225 (1971), and cases cited therein. Except where an invidious discrimination against a suspected class is at issue or a fundamental right burdened, 'a legislative classification must be sustained unless it is "patently arbitrary" and bears no rational relationship to a legitimate governmental interest.' *Frontiero v. Richardson*, 411 U.S. 677, 683, 93 S.Ct. 1764, 1768, 36 L.Ed.2d 583 (1973)." *Singer v. Sheppard, supra* 464 Pa. at 402, 346 A.2d at 904–905 (footnotes omitted). Moreover, "legislation need not correct a social problem in its entirety with one totally encompassing enactment. 'Evils in the same field may be of different dimensions and proportions, requiring different remedies. Or so the legislature may think. Or the reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind. *The legislature may select one phase of one field and apply a remedy there, neglecting the others.*' " *Id.*, 464 Pa. at 407, 346 A.2d at 907 quoting *Williamson v. Lee Optical Company*, 348 U.S. 483, 489, 75 S.Ct. 461, 465, 99 L.Ed. 563 (1955) (emphasis in original). The legislative determination to limit the provisions of the Pennsylvania No-fault Act to accidents occurring in Pennsylvania and/or accidents in which the victim or vehicle is insured pursuant to the Pennsylvania No-fault Act is clearly reasonable and rationally related to the legitimate purposes of the Act. See:

*Samsel v. Travelers Indemnity Company, supra* 295 Pa. Super. at 191–192, 441 A.2d at 414.

■ Appellants have not been denied due process of law by reason of their inability to recover no-fault benefits from the Pennsylvania Assigned Claims Plan. "The Plan is a statutorily created fund designed as a safeguard for *unforeseen* situations in which no carrier which receives premiums is available to respond. 40 P.S. § 1009.108." *Borrell v. Continental Casualty Co., supra* 310 Pa.Super. at 558, 456 A.2d at 1077 (emphasis supplied). The fund is composed of moneys collected from insurers who provide insurance within the Commonwealth and not from state treasury funds. 40 P.S. § 1009.108(b). While appellants are precluded from recovering basic loss benefits under the No-fault Act, they remain free to pursue recovery of all resulting damages in a common law tort action. 40 P.S. § 1009.301. Provisions such as are contained in the No-fault law clearly do not violate due process or equal protection principles under the federal Constitution. The challenged provisions of the No-fault Act being constitutional, the trial court's order granting summary judgment in favor of appellee is affirmed.

Order affirmed.