**Bernard KIRSHBAUM**

v.

**GOVERNMENT EMPLOYEES INSURANCE CO.**

v.

**OHIO CASUALTY INSURANCE COMPANY.**

Civ. A. No. 83–3121.

United States District Court, E.D.Pennsylvania.

Dec. 28, 1984.

Jonathan D. Herbst, Philadelphia, Pa., for plaintiff.

George J. Lavin, Philadelphia, Pa., William H. Kinkead, III, William H. Bradbury, III, Norristown, Pa., for Government Employees Ins. Co.

Susan Warnock Thomas, Philadelphia, Pa., for Ohio Cas.

## MEMORANDUM AND ORDER

DITTER, District Judge.

■ In this declaratory judgment action, plaintiff seeks a judicial determination that he qualifies as an insured under the terms of an automobile liability policy issued to one Rita Korn by the defendant, Government Employees Insurance Company (GEICO). Allegedly, Miss Korn was injured while a passenger in her own car, while the car was being driven by plaintiff. She claims damages from him and he seeks the protection of her insurance. The crux of the case is whether an exclusion clause which by its terms precludes payment to an "insured" (here Miss Korn) is void as against public policy. Arguing that the provision is valid, GEICO asserts there is no duty to defend plaintiff because Miss Korn cannot receive any of the policy's proceeds. For the reasons that follow, and in the absence of Pennsylvania state court precedent, I find the provision void. In doing so, I have considered that all doubts as to legislative intent in enacting the No-fault Act should be resolved in favor of finding coverage.[1] *See Bills v. Nationwide Mutual Insurance Co.*, 317 Pa.Super. 188, 463 A.2d 1148 (1983).

The clause at the core of this dispute excludes recovery for injuries to "any insured or any member of the family of an insured residing in the same household as the insured." In a long line of cases, Pennsylvania courts have upheld the validity of similar clauses. *See Puller v. Puller*, 380 Pa. 219, 110 A.2d 175 (1955); *Paiano v. The Home Insurance Co.*, 253 Pa.Super. 519, 385 A.2d 460 (1978). On a prior occasion, I have followed this line of cases. *Home Insurance Co. v. Monaco*, 405 F.Supp. 321 (E.D.Pa.), *aff'd*, 544 F.2d 512 (1975). Plaintiff, however, argues that these cases have no precedential value because they were decided prior to enactment of the Pennsylvania No-fault Motor Vehicle

Insurance Act. Defendant has not addressed this argument, but rather relies upon them without discussion of the effect of the No-fault Act. I find that enactment of the No-fault Act, and its underlying social policies, requires they be reassessed because "freedom to contract", the justification for enforcement of the exclusion in the past, *see Cornett v. Curd*, 21 Pa.D. & C.3d 599 (1981), must give way to the legislature's express intent to provide "uniformity as to the essential elements of the system of motor vehicle accident and insurance law to avoid confusion, complexity, uncertainty, and chaos...." 40 P.S. § 1009.102(a)(8).

■ The Pennsylvania No-fault Act has as its purpose establishment of "a statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims." 40 P.S. § 1009.102(b). In furtherance of this purpose the act established "a compulsory first party insurance system in which the victim is to be paid for economic loss directly by his own insurer or by the company insuring the owner of the vehicle." *Pennsylvania Assigned Claims Plan v. Insurance Commissioner*, 54 Pa. Cmwlth. 93, 420 A.2d 25, 28 (1980). In this case, the victim is also the owner of the vehicle. Therefore, the victim's insurer and the owner's insurer are one and the same, GEICO. To give effect to the exclusion would be to insulate GEICO from liability for the victim's injuries. This would frustrate both the Act's intent to provide compensation for accident victims, *see Swezey v. Home Indemnity Co.*, 571 F.Supp. 224, 225, 227 (D.Del.1983), and the intent that such compensation should be accomplished through a "compulsory first party insurance system." *See Greider v. Pennsylvania Assigned Claims Plan*, 316 Pa.Super. 146, 462 A.2d 836 (1983) (noting that tort liability is abolished, subject to the exceptions contained in 40 P.S. § 1009.301, for injuries that take place within the Commonwealth).

---

1. As of this writing the Pennsylvania No-fault Act has been repealed. 1984 Pa.Legis.Serv., Act 11, § 8. However, it remains applicable to the subject matter of this case.

Other states have reached a similar result. *See DeWitt v. Young,* 229 Kan. 474, 625 P.2d 478 (1981) (exclusion void but only as to statutorily mandated minimum coverage); *Detroit Automobile Inter-Insurance Exchange v. VanSlyke,* 82 Mich.App. 237, 266 N.W. 771 (1978) (exclusion void as to claims by third parties—indicating in dicta that exclusion is completely void); *Neal v. Farmers Insurance Exchange,* 93 Nev. 348, 566 P.2d 81 (Nev.1977) (exclusion void but only as to statutorily mandated minimum coverage); *Stevens v. State Farm Mutual Automobile Insurance Co.,* 21 Ariz.App. 392, 519 P.2d 1157 (1974) (completely void as to third parties).

To the extent the above cases hold the exclusion is void only as to the statutorily mandated minimum coverage, I am inclined to agree with their underlying reasoning. However, in the case *sub judice,* there has been no allegation that the desired coverage exceeds the minimum required by law. Therefore, I need not reach that issue. As to those decisions which indicate the exclusion is void only as to injuries suffered by parties other than the owner of the vehicle, that is third parties, I must disagree.

The decisions which void the exclusion only as to third parties rest upon the assumption that it does not violate public policy for an owner to contract away his own right to recovery. However, this reasoning overlooks the flip side of the coin; namely to deny the owner recovery under the policy, is to deny coverage under the policy to the permissive user. It is this denial of coverage which runs afoul of the legislative purpose behind the No-fault Act, because it forces the parties to resort to the courts, and the tort system of recovery. Dissatisfaction with the high cost of the tort system was a major motivating force behind enactment of the No-fault Act. 40 P.S. § 1009.102(a).

For all the above reasons, I conclude the Pennsylvania Supreme Court, if presented with the issue, would find the inter-family exclusion clause void as repugnant to the legislative intent which prompted enactment of the Pennsylvania No-fault Motor Vehicle Insurance Act.