538 A.2d 1372

**Twila J. MITCHELL, Mother and Natural Guardian of Carl R. Mitchell, a minor,**

**v.**

**TRAVELERS INSURANCE COMPANY and Public Service Mutual Insurance Company.**

**Appeal of TRAVELERS INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Nov. 18, 1987.

Filed March 16, 1988.

Petition for Allowance of Appeal Granted Aug. 31, 1988.

William J. Begley, Pittsburgh, for appellant.

Louis C. Long, Pittsburgh, for appellee.

Before WIEAND, MONTEMURO and POPOVICH, JJ.

WIEAND, Judge:

In the event that an uninsured pedestrian is struck and injured by a motorcycle, is it the insurer of the motorcycle or the Assigned Claims Plan carrier which is required to pay basic loss benefits pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act?[1] The trial court held that it was the Assigned Claims Plan carrier. We conclude that this was error and that the insurer of the motorcycle is liable for no-fault benefits. Therefore, we reverse.

On March 24, 1983, while crossing an alley in Johnstown, Pennsylvania, twelve-year-old Carl Mitchell was struck by a motorcycle owned by Louis Wattman and operated by Michael Wattman. The Mitchell boy was uninsured and was not otherwise covered by a policy of insurance providing no-fault benefits. The motorcycle which struck Mitchell was insured under a policy issued by Public Service Mutual Insurance Company (PSMI).

■ On October 31, 1984, Twila J. Mitchell, the mother and natural guardian of the injured boy, commenced an action for basic loss benefits on his behalf against Travelers Insurance Company (Travelers), the carrier designated by the Assigned Claims Plan, and PSMI, the insurer of the motorcycle. Both Travelers and PSMI denied liability on grounds that the other was the primary obligor and applicable source of security for the payment of basic loss benefits. On April 15, 1987, the trial court entered a final order

1. Act of July 19, 1974, P.L. 489, No. 176, as amended, 40 P.S. § 1009.101 et seq., repealed by Act of February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984.

granting a motion by PSMI for summary judgment and dismissing it from the action. Travelers appealed.

PSMI argues at the outset that Travelers lacks standing to appeal. We reject this argument. The law is clear that a defendant has a sufficient interest in and, therefore, standing to appeal from an order entering judgment in favor of a co-defendant or otherwise letting the co-defendant out of the case. *East Broad Top Transit Co. v. Flood,* 326 Pa. 353, 357, 192 A. 401, 403 (1937); *Schwartz v. Jaffe,* 324 Pa. 324, 330–331, 188 A. 295, 298 (1936); *Carollo v. Forty-Eight Insulation, Inc.,* 252 Pa.Super. 422, 427 n. 1, 381 A.2d 990, 992 n. 1 (1977). This is particularly so where, as here, the only real issue is which of two insurance carriers is required by statute to pay the plaintiff's claim.

Section 204 of the No-fault Act[2] "in effect creates a hierarchy among potential sources of security" which are responsible for the payment of basic loss benefits to a person injured in an automobile accident. *Tyler v. Insurance Co. of North America,* 311 Pa.Super. 25, 29, 457 A.2d 95, 97 (1983). Section 204(a) provides:

(a) **Applicable security.**—The security for the payment of basic loss benefits applicable to an injury to:

(1) an employee, or to the spouse or other relative of any employee residing in the same household as the employee, if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim;

(2) an insured is the security under which the victim or deceased victim is insured;

(3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is not an insured is the security covering such vehicle;

(4) an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an

2.　40 P.S. § 1009.204 (repealed).

accident resulting in injury is the security covering any motor vehicle involved in such accident. For purposes of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident, unless it was parked so as to cause unreasonable risk of injury; and

(5) any other individual is the applicable assigned claims plan.

In determining the applicable source of benefits under this section's priority system, "the pertinence of each subsection must be considered seriatim—that is, the applicability of each preceding subsection must be excluded before the next may be considered. The security provided by the assigned claims plan is applicable only as a last resort." *Tyler v. Insurance Co. of North America, supra,* 311 Pa.Superior Ct. at 30, 457 A.2d at 97.

Instantly, the inapplicability of subsections (1), (2), and (3) has been established beyond peradventure. The minor plaintiff was not an employee, was not an insured under any policy of insurance, and was not the driver or occupant of a vehicle at the time of the accident. Whether subsection (4) is applicable depends on whether the motorcycle involved in the accident is a "motor vehicle."

■ Section 103 of the No-fault Act[3] defines a motor vehicle as a "vehicle of a kind required to be registered under ... The Vehicle Code." Under the Vehicle Code, a motorcycle is a vehicle which must be registered. See: 75 Pa.C.S. §§ 102, 1302. The conclusion is inescapable, therefore, that a motorcycle is a "motor vehicle" within the meaning of the No-fault Act and is subject to the same insurance coverage requirements as are other vehicles. See: *Tyler v. Insurance Co. of North America, supra,* 311 Pa.Superior Ct. at 29 n. 3, 457 A.2d at 96 n. 3; *Samsel v. Travelers Indemnity Co.,* 295 Pa.Super. 188, 190, 441 A.2d 412, 413 (1982). See also: *Singer v. Sheppard,* 464 Pa. 387, 406 n. 29, 346 A.2d 897, 907 n. 29 (1975) (motorcycles are motor vehicles for purposes of compulsory insurance; no-

3. 40 P.S. § 1009.103 (repealed).

fault benefits, therefore, are available to third persons injured by a motorcycle). This is not altered by the provisions of Section 103 of the No-fault Act which preclude the operator or passenger of a motorcycle from recovering basic loss benefits. This exclusion was inserted because of the greater risk attaching to operators of motorcycles. See: *Singer v. Sheppard, supra,* 464 Pa. at 406, 346 A.2d at 906–907. It was not intended to exclude a motorcycle from the definition of a motor vehicle or exempt a motorcycle insurer from liability for basic loss benefits to a person injured as a result of an accident involving the motorcycle. See: *Tyler v. Insurance Co. of North America, supra* 311 Pa.Super. at 29 n. 3, 457 A.2d at 96 n. 3.

■ PSMI argues, however, that its policy does not contain a specific provision requiring it to pay basic loss benefits to an uninsured pedestrian who may be struck by the motorcycle of its insured. We reject this argument. PSMI was required by statute to provide such coverage. Section 104 of the No-fault Act[4] provided as follows:

(a) **Security covering a motor vehicle.**—*Every owner of a motor vehicle which is registered or which is operated in this Commonwealth by the owner or with his permission, shall continuously provide security covering such motor vehicle while such vehicle is either present or registered in the Commonwealth. Security shall be provided for the payment of basic loss benefits,* and for the payment of sums up to a total limit of thirty thousand dollars ($30,000) which the owner or any person operating the vehicle with the express or implied permission of the owner may become liable to pay as damages because of bodily injury or death arising out of any one accident (subject to a sublimit of fifteen thousand dollars ($15,000) for damages arising out of the bodily injury or death of any one person) and for the payment of damages for injury to or destruction of property in any one acci-

4. 40 P.S. § 1009.104 (repealed).

dent of amounts up to a total limit of five thousand dollars ($5,000).... (Emphasis added.)

Section 209(a) of the No-fault Act[5] also provided:

(a) **Included coverage.**—A contract of insurance covering liability arising out of the ownership, maintenance, or use of a motor vehicle registered in this Commonwealth, shall include basic loss benefits and any other benefit coverages required by the no-fault plan for motor vehicle insurance in effect in this Commonwealth unless such contract provides tort liability coverages only in excess of any of those required by the no-fault plan.

These sections made it eminently clear that all motor vehicles registered in this Commonwealth, including motorcycles, were required to carry insurance providing coverage for basic loss benefits. By virtue of these statutory provisions, a contract providing coverage for basic loss benefits was imposed by law. The law was not overridden by the absence of a specific provision in the policy providing such coverage or the failure to collect an additional premium therefor. See: *Wilbert v. Harleysville Mutual Ins. Co.*, 254 Pa.Super. 217, 225–226, 385 A.2d 987, 992 (1978).

■ PSMI also bases its argument on a regulation of the Insurance Department which suggested that basic loss benefits coverage for pedestrians eligible to receive basic loss benefits as a result of an accident involving a motorcycle should be provided through the Assigned Claims Plan. See: 31 Pa.Code § 66.111.[6] It contends that in view of this

---

5. 40 P.S. § 1009.209(a) (repealed).

6. Section 66.111 provides as follows:

(a) **Motorcyclists.** Motorcyclists shall maintain security providing the following:

(1) Bodily injury liability coverage, including guest passenger liability coverage, in limits of at least $15,000 per person, $30,000 per accident; and property damage liability coverage to a limit of at least $5,000 per accident.

(2) Uninsured motorist's coverage in limits of at least the amounts required by Article XIV of the Vehicle Code (75 P.S. §§ 1401–1436).

(b) **Assigned Claims Plan.** The Assigned Claims Plan shall apply as follows:

regulation it was not required to write a policy which provided coverage for basic loss benefits payable to a pedestrian struck by the insured motorcycle. This argument must also fail. It is well established that "an administrative agency may not promulgate regulations contrary to the legislative intent expressed in the statutory provision to which the regulation relates." *Serefeas v. Nationwide Ins. Co.*, 338 Pa.Super. 587, 592–593, 488 A.2d 48, 51 (1985). See also: *Wilbert v. Harleysville Mutual Ins. Co., supra,* 254 Pa.Super. at 226, 385 A.2d at 992.

For all these reasons, we conclude that the applicable security for the payment of the minor plaintiff's basic loss benefits was the security for the motorcycle which struck him. See: *Pennell v. Travelers Ins. Co.*, 73 Del.Co.R. 263 (1986), *aff'd,* 359 Pa.Super. 634, 515 A.2d 622 (1986); *Phillips v. Rockwood Ins. Co.*, 42 Pa.D. & C.3d 548 (Bucks Co. 1986). Because PSMI was the insurance carrier providing coverage for the motorcycle, it was responsible for payment of plaintiff's claim for basic loss benefits. The trial court erred when it entered summary judgment in PSMI's favor.

PSMI also contends that the plaintiff executed a release which bars her no-fault claim against it. The record does not disclose that this issue was either considered or decided by the trial court. Moreover, the record is not adequate to permit appellate review of this issue at the present time. With respect to this issue, therefore, we express no opinion.

Reversed and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.

(1) Obligors providing security to motorcyclists shall contribute to and participate in the Assigned Claims Plan and the Plan for Availability of Insurance on an equitable basis, as required by the act.

(2) Basic loss benefits coverage for pedestrians and other persons eligible to receive basic loss benefits pursuant to the act shall be provided through the Assigned Claims Plan.