564 A.2d 1232

Twila J. MITCHELL, mother and natural guardian of
Carl R. Mitchell, a minor,

v.

TRAVELERS INSURANCE COMPANY and Public Service
Mutual Insurance Company.

Appeal of PUBLIC SERVICE MUTUAL
INSURANCE COMPANY.

Supreme Court of Pennsylvania.

Argued March 6, 1989.

Decided Oct. 11, 1989.

regardless of the fact that it is now denied. *Commonwealth v. Brady,*
510 Pa. 123, 507 A.2d 66 (1986).

546

Louis C. Long, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, for appellant.

William J. Begley, Cauley and Conflenti, Pittsburgh, for Travelers Ins. Co.

William E. Moot, Johnstown, for Twila J. Mitchell.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION

ZAPPALA, Justice.

On March 24, 1983, Carl Mitchell was struck by a motorcycle while crossing an alley in Johnstown, Pennsylvania. The motorcycle was owned by Louis Wattman and operated by Michael Wattman. At the time of the accident, the motorcycle was insured by Appellant, Public Service Mutual Insurance (PSMI). Carl Mitchell, a minor, was uninsured and was not covered by any insurance policy providing no-fault benefits.

The minor's mother and natural guardian, Twila J. Mitchell, brought an action on his behalf to recover basic loss benefits against PSMI, as the insurer of the motorcycle, and Appellee, Travelers Insurance Company (Travelers), the designated carrier under the Assigned Claims Plan, asserting that either PSMI or Travelers was the carrier responsible for the payment of no-fault benefits. Both PSMI and Travelers denied liability, alleging that the other was the primary obligor and applicable source of security for the

payment of basic loss benefits. PSMI also asserted claims for contribution and indemnity against Travelers.[1]

Cross-motions for summary judgment were filed by PSMI and Travelers seeking a determination of which carrier was liable for payment of basic loss benefits. The trial court entered an order denying both motions. Following PSMI's and Travelers' requests for reconsideration of that order, the trial court entered subsequent orders denying Travelers' motion for summary judgment and granting summary judgment in favor of PSMI.

Travelers filed an appeal from the order granting summary judgment to PSMI. The plaintiff did not appeal. The Superior Court reversed, holding that PSMI was the applicable security for payment of the no-fault benefits. 372 Pa.Super. 105, 538 A.2d 1372 (1988). The matter was remanded for further proceedings to resolve the issue of the effect of a general release of PSMI executed by the plaintiff. We granted the petition for allowance of appeal of PSMI and now affirm the order of the Superior Court.

PSMI presents two issues for our review. First, whether Travelers had standing to appeal from the trial court's order granting summary judgment to PSMI. Second, whether the insurer of a motorcycle or the Assigned Claims Plan carrier is required to pay basic loss benefits pursuant to the Pennsylvania No–Fault Motor Vehicle Insurance Act when an uninsured pedestrian is struck and injured by a motorcycle.[2]

■ PSMI contends that Travelers lacked standing to appeal from the final order granting summary judgment in its favor and dismissing the plaintiff's claims against it. PSMI characterizes Travelers as nothing more than an "officious intermeddler." The Superior Court's determina-

1. PSMI further alleged in its new matter that the plaintiff's claim was barred because a general release of PSMI had been executed by the plaintiff. This issue was not addressed by the trial court and was the reason for the remand by the Superior Court.

2. Act of July 19, 1974, P.L. 489, No. 176, as amended, 40 P.S. § 1009.101 et seq., repealed by Act of February 12, 1984, P.L. 26, No. 11, § 8(a), effective October 1, 1984.

tion that Travelers had standing is challenged on the basis that Travelers was not an aggrieved party affected by the trial court's ruling.

PSMI's arguments ignore the No–Fault Act's hierarchical structure establishing the applicable source of no-fault benefits and the nature of the plaintiff's claim. As the Superior Court recognized, the only real issue raised by the plaintiff was which of the two insurance carriers was required to pay the basic loss benefits. The plaintiff's complaint identified PSMI and Travelers as the two potential alternate sources of those benefits. The plaintiff's primary interest was in recovering those benefits, not in identifying which carrier was ultimately responsible for payment.

The responsibility for payment was disputed by the carriers themselves, with each pointing to the other as the responsible party. The issue that is the subject of the litigation required the lower courts to determine as a matter of law whether PSMI or Travelers was responsible. By holding that PSMI was entitled to summary judgment and that Travelers was not, the order granting summary judgment necessarily resolved the issue of Traveler's liability as well as that of PSMI.

PSMI asserts that the Superior Court erroneously relied upon this Court's decisions in *East Broad Top Transit Co. v. Flood,* 326 Pa. 353, 192 A. 401 (1937) and *Schwartz v. Jaffe,* 324 Pa. 324, 188 A. 295 (1936), and its own case of *Carollo v. Forty–Eight Insulation, Inc.,* 252 Pa.Super. 422, 381 A.2d 990 (1977). PSMI attempts to distinguish those cases on the basis that they involved tort claims brought against multiple defendants with claims for indemnity and contribution. The cases cited by the Superior Court are not distinguishable on that basis.

In *Schwartz, supra,* we stated,

As the question to be decided where a plaintiff sues more than one defendant is the liability to the plaintiff of one or more of the defendants, they should be put on equal terms concerning that liability, and the one on whom the court below places such liability, should be permitted to

object to the release of his co-defendant and to follow that objection to this Court, if necessary. The question is basic and a co-defendant may appeal from an order releasing a defendant from liability on a general exception. 324 Pa. at 331, 188 A. 295 (footnote omitted). We recognized that whether the plaintiff would ultimately establish that one defendant was solely liable or that multiple defendants were jointly or severally liable, dismissal of any one defendant from the action would affect the interests of the other defendants. Even though a plaintiff may be satisfied with a recovery against any defendant, the defendants who remain in the action have a separate interest in ensuring that liability is imposed on the responsible party.

The plaintiff's interests are not co-extensive with that of a defendant who remains in the action. The instant case typifies that situation. The plaintiff here sought a determination of which of two insurance carriers was obligated to pay no-fault benefits. When the trial court determined that Travelers, rather than PSMI, was liable, the plaintiff's objective was met. An appeal from the order granting summary judgment to PSMI only would have frustrated the plaintiff's purpose.

The difficulties inherent in PSMI's theory are illustrated by the Superior Court's decision in *Shaffer v. Pennsylvania Assigned Claims Plan*, 359 Pa.Super. 238, 518 A.2d 1213 (1986). The appellees had filed claims under the No–Fault Act against Nationwide Mutual Insurance Company (Nationwide), the insurer of an appellee's business automobile, and Insurance Company of North America (INA), the assignee insurer under the Assigned Claims Plan, seeking a determination of which was liable as the obligor for the payment of benefits following a one-car accident. The trial court had granted the summary judgment motion of INA, releasing the carrier from all claims to all parties. The summary judgment motion of Nationwide was denied. No appeal was taken at that time.

After a hearing, the trial court issued an order assessing damages against Nationwide. On appeal, Nationwide ar-

gued that the trial court improperly adjudged Nationwide, rather than INA, liable as the obligor for the no-fault claims. The Superior Court quashed the portion of Nationwide's appeal involving INA's liability as untimely. The Superior Court held that the trial court's order granting summary judgment to INA was a final, appealable order, stating:

Since the granting of summary judgments in favor of INA required no further action by the court as to INA, Nationwide should have filed its appeal as to INA within thirty days of July 26, 1982 (the date of entry of the summary judgment) and should not have waited until the matters among the other parties were finally litigated and the resolution of those matters was reduced to judgment.

359 Pa.Super. at 247, 518 A.2d at 1217.

If we were to accept PSMI's argument that Travelers lacked standing, Travelers would be unable to challenge the trial court's determination that it was liable as a matter of law because the order denying its summary judgment motion is interlocutory and unappealable. Under PSMI's theory, Travelers would not be able to appeal until a final judgment had been entered against it or the matter was settled. In the latter case, Travelers would be forced to bring an action against PSMI. An issue would arise then as to the collateral estoppel effect of the trial court's final order and its determination that PSMI was not the responsible party. That is simply unworkable.

Having concluded that Travelers had standing to appeal from the order granting summary judgment to PSMI, we will address the issue of which insurer is liable for payment of the basic loss benefits to the plaintiff.

Section 204 of the No–Fault Act, 40 P.S. § 1009.204 (repealed), established the following hierarchy among sources of security responsible for payment of basic loss benefits:

(a) **Applicable security.**—The security for the payment of basic loss benefits applicable to an injury to:

(1) an employee, or to the spouse or other relative of any employee residing in the same household as the employee, if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim;

(2) an insured is the security under which the victim or deceased victim is insured;

(3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is not an insured is the security covering such vehicle;

(4) an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such accident. For purposes of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident, unless it was parked so as to cause unreasonable risk of injury; and

(5) any other individual is the applicable assigned claims plan.

Under the hierarchy, each subsection must be considered seriatim. *Tyler v. Insurance Co. of North America,* 311 Pa.Super. 25, 457 A.2d 95 (1983).

Subsections (1), (2), and (3) are inapplicable under the factual circumstances of this case. PSMI contends that the motorcycle insurance policy is not "security covering any motor vehicle involved in an accident" within the contemplation of subsection (4) and that the only proper source of payment for the uninsured pedestrian's benefits was the Pennsylvania Assigned Claims Plan.

■ The applicability of subsection (4) turns first on whether a motorcycle is a "motor vehicle" for purposes of the No–Fault Act. Section 103 of the No–Fault Act, 40 P.S. § 1009.103 (repealed), defines "motor vehicle" as a vehicle of the kind required to be registered under ... The "Vehicle

Code." A motorcycle is a vehicle required to be registered, 75 Pa.C.S. §§ 102, 1302, and as such is a "motor vehicle" under the No–Fault Act.

As the Superior Court noted, this conclusion is not altered in this case by the provisions of § 103 of the No–Fault Act that preclude the operator or passenger of a motorcycle from recovering basic loss benefits. The exclusion was established because of the greater risk of injury attendant to operating or riding on a motorcycle. It was not intended to exclude a motorcycle from the definition of a motor vehicle or to release a motorcycle insurer from the responsibility for the payment of basic loss benefits to a person injured in an accident involving a motorcycle. *See, Singer v. Sheppard,* 464 Pa. 387, 346 A.2d 897 (1975); *Tyler v. Insurance Co. of North America, supra.*

Nevertheless, PSMI claims that summary judgment in its favor was proper because the motorcycle insurance policy which it issued did not provide No–Fault coverage by its express terms. PSMI asserts that its policy was issued in accordance with regulations promulgated by the Pennsylvania Insurance Department that established the Assigned Claims Plan as the responsible party, citing 31 Pa.Code § 66.111. The regulation provides:

(a) **Motorcyclists.** Motorcyclists shall maintain security providing the following:

(1) Bodily injury liability coverage, including guest passenger liability coverage, in limits of at least $15,000 per person, $30,000 per accident; and property damage liability coverage to a limit of at least $5,000 per accident.

(2) Uninsured motorist's coverage in limits of at least the amounts required by Article XIV of the Vehicle Code (75 P.S. §§ 1401–1436).

(b) **Assigned Claims Plan.** The Assigned Claims Plan shall apply as follows:

(1) Obligors providing security to motorcyclists shall contribute to and participate in the Assigned Claims

Plan and the Plan for Availability of Insurance on an equitable basis, as required by the act.

(2) Basic loss benefits coverage for pedestrians and other persons eligible to receive basic loss benefits pursuant to the act shall be provided through the Assigned Claims Plan.

The Superior Court rejected PSMI's arguments, concluding that PSMI was required to provide such coverage under the No–Fault Act, citing §§ 104 and 209, 40 P.S. §§ 1009.-104, 1009.209 (repealed). Section 104 provided:

(a) **Security covering a motor vehicle.**—*Every owner of a motor vehicle which is registered or which is operated in this Commonwealth by the owner or with his permission, shall continuously provide security covering such motor vehicle while such vehicle is either present or registered in the Commonwealth. Security shall be provided for the payment of basic loss benefits,* and for the payment of sums up to a total limit of thirty thousand dollars ($30,000) which the owner or any person operating the vehicle with the express or implied permission of the owner may become liable to pay as damages because of bodily injury or death arising out of any one accident (subject to a sublimit of fifteen thousand dollars ($15,000) for damages arising out of the bodily injury or death of any one person) and for the payment of damages for injury to or destruction of property in any one accident of amounts up to a total limit of five thousand ($5,000).... (Emphasis added.)

Section 209(a) of the No–Fault Act provided:

(a) **Included coverage.**—A contract of insurance covering liability arising out of the ownership, maintenance, or use of a motor vehicle registered in this Commonwealth, shall include basic loss benefits and any other benefit coverages required by the no-fault plan for motor vehicle insurance in effect in this Commonwealth unless such contract provides tort liability coverages only in excess of any of those required by the no-fault plan.

■ The Superior Court concluded that those sections required all motor vehicles registered in the Commonwealth to carry insurance providing coverage for basic loss benefits.  Reasoning that a contract providing such coverage was imposed by law under those statutory provisions, the Superior Court held that the absence of a specific contractual provision providing the coverage or the failure to collect an additional premium therefor could not override the statutory provisions of the No–Fault Act.  Because an administrative agency may not promulgate regulations contrary to the legislative intent expressed in the statutory provisions, the Superior Court held that the Insurance Department's regulation was not controlling for the same reason.

We agree with the Superior Court's analysis of this issue. PSMI is the insurance carrier responsible for payment of the plaintiff's claim for basic loss benefits as the carrier providing coverage for the motorcycle.  The order of the Superior Court is affirmed.

STOUT, Former Justice, did not participate in the decision of this matter.

PAPADAKOS, J., dissents.