221 N.J. Super. 162 (1987)
534 A.2d 51
SAROLTA HERMANN, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
RUTGERS CASUALTY INSURANCE COMPANY, DEFENDANT-APPELLANT, AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1987.
Decided November 19, 1987.
*163 Before Judges FURMAN, LONG and SCALERA.
Stacey R. Sack, argued the cause for appellant (Charles E. Reynolds, attorney, Stacey R. Sack on the brief).
*164 Anthony M. Campisano, argued the cause for respondent (Borrus, Goldin, Foley, Vignuolo, Hyman and Stahl, attorneys, Anthony M. Campisano on the brief).
The opinion of the court was delivered by SCALERA, J.A.D.
This suit involves a claim for personal injury protection (PIP) benefits to pay for medical expenses incurred as a result of personal injuries sustained in an automobile accident in Hungary.
The facts are not in dispute. On April 13, 1985 plaintiff Sarolta Hermann and her teenaged daughter, Erika, were passengers in a rented motor vehicle being operated by plaintiff's husband, the named insured Laszlo Hermann, in Alsonyek, Hungary, where they were vacationing. Laszlo lost control causing the vehicle to leave the traveled portion of the highway resulting in serious personal injuries to his wife and daughter. Both were required to receive extensive medical treatment in Hungary and West Germany. Upon their return to the United States, further medical treatment was necessitated.
It is not contested that plaintiff and her daughter are beneficiaries of the PIP provisions of the New Jersey policy of automobile insurance which had been issued to Laszlo by appellant, Rutgers Casualty Insurance Company (RCIC). That policy provided that,
This policy applies only to accidents and losses which occur:
* * * * * * * *
2. Within the policy territory.
The policy territory is:
1. The United States of America, its territories or possessions:
2. Puerto Rico: or
3. Canada.
This policy also applies to loss to, or accidents involving, your covered auto while being transported between their ports.
When plaintiff and her daughter sought payment for the medical expenses incurred, RCIC denied them such benefits *165 because the accident had occurred in a country not within the enumerated "policy territory." Plaintiff instituted the present action for PIP reimbursement and counsel fees. On motion for summary judgment, the trial judge determined that the territorial limitations contained in the policy were invalid and required RCIC to provide PIP benefits for all medical expenses incurred for the treatment of plaintiff and her daughter arising out of the automobile accident of April 13, 1985, together with pre-judgment interest. However, he denied the application for counsel fees because he found that RCIC had established "a reasonable basis for refusing coverage" and had "engaged in good faith [in defending this] litigation." RCIC has appealed from that portion of the judgment adjudicating them to be liable for PIP benefits while plaintiff has cross-appealed from the denial of her request for counsel fees.
Essentially, RCIC contends that the trial judge erred in concluding that plaintiff was entitled to PIP benefits because of the specific policy provision excluding coverage for the accident which occurred in Hungary and that applicable New Jersey legislation does not preclude them from territorially limiting such coverage. Plaintiff asserts that the attempt to place territorial limits in the policy affecting PIP benefits was clearly contrary to the applicable legislative provisions mandating such coverage.
It is settled that when construing PIP coverage, a mandatory part of every New Jersey automobile liability insurance policy required under the New Jersey Automobile Reparation Reform Act (No Fault Act) N.J.S.A. 39:6A-1 et seq., we must construe its provisions liberally to effectuate "the broadest application consistent with the statutory language." Amiano v. Ohio Cas. Ins. Co., 85 N.J. 85, 90 (1981). In this regard where insurance policies contain provisions which conflict with coverage required by applicable legislation such provisions are deemed to be of no force even though the Commissioner of Insurance may have approved the language used in such policies. *166 Motor Club of America Ins. Co. v. Phillips, 66 N.J. 277, 286 (1974); Fellippello v. Allstate Ins. Co., 172 N.J. Super. 249, 261 (App.Div. 1979), certif. den. 85 N.J. 481 (1980). However, RCIC urges that even the application of such principles do not lead to the result reached by the trial judge in this case.
It points to the requirement of N.J.S.A. 17:28-1.1.a. that no automobile liability policy insuring against loss for bodily injury or death shall be issued in this State without Uninsured Motorist (UM) coverage,
"under provisions approved by the Commissioner of Insurance, for payment of all or part of the sums which the insured ... shall be legally entitled to recover as damages from the operator or owner of an uninsured motor vehicle, or hit and run motor vehicle... caused by accident and arising out of the ownership, maintenance or use of such uninsured or hit and run motor vehicle anywhere within the United States or Canada; [Emphasis added].[1]
Our No Fault Act, N.J.S.A. 39:6A-1 et seq. mandates compulsory automobile insurance coverage. By virtue of N.J.S.A. 39:6A-4, every such policy must include PIP coverage for medical expenses, regardless of fault. Such medical expenses are defined in N.J.S.A. 39:6A-2 and include such expenses, even if provided "by persons similarly licensed in other states and nations...."
RCIC relies heavily upon our decision in Brokenbaugh v. N.J. Manufacturers Ins. Co., 158 N.J. Super. 424 (App.Div. 1978) and argues that the statutory provisions for UM coverage and PIP benefits are to be read in pari materia or as one comprehensive "insurance package." Applying that approach here, RCIC argues that since the legislative provision requires only that UM coverage be extended to "the United States or Canada," PIP benefits may be similarly restricted by the insurer. *167 RCIC points out that they even chose to extend such benefits here to add Puerto Rico and other United States territories and possessions, although not required to do so. A fortiori, it is urged, territorial limitations are valid and may exclude PIP benefits arising out of an automobile accident which occurred in such a foreign country.
However, we disagree that Brokenbaugh stands for the proposition that territorially, PIP benefits are coextensive with and limited by the legislative language applicable to UM coverage. There we utilized such a reading to ascertain the reasons why UM coverage should be broadened rather than restricted by a consideration of the statutory provisions governing such coverage. More to the point is Fellippello v. Allstate Ins. Co., supra, where we were similarly concerned with a claim for PIP benefits for medical expenses arising out of an automobile accident which occurred in Connecticut. There the insurance policy specifically excluded coverage for such benefits "... if the accident occurs outside of New Jersey." In rejecting the carrier's refusal to provide coverage we pointed out that, "[a]n insurer is permitted to exclude a person from benefits under the required [PIP] coverage, but such exclusions are limited to specified instances" enumerated in N.J.S.A. 39:6A-7. Since the insurer's attempt to territorially limit such coverage was not authorized thereby, we deemed the policy limitation to be invalid. 172 N.J. Super. at 261-262.
In our judgment, the reasoning in Fellippello applies equally to the instant situation. Since the Legislature has not authorized an insurer to contractually limit PIP benefits coverage by territorial exclusions in the cited statute, any attempt to do so is rendered invalid and of no binding effect. Cf. Montoya v. Gateway Ins. Co., 168 N.J. Super. 100 (App.Div. 1979), certif. den. 81 N.J. 402 (1979). See also Serefeas v. Nationwide Ins. Co., 338 Pa.Super. 587, 488 A.2d 48 (Pa. Super. Ct. 1985), involving an almost identical fact situation and result, under a parallel Pennsylvania No-Fault Motor Vehicle Insurance Act. There the insurance policy also provided for the exclusion of PIP *168 benefits if the accident occurred outside of the United States and Canada. The automobile accident took place in Yugoslavia. That court similarly refused to enforce the territorial restriction in the policy because of the absence of any legislative provision authorizing such a limitation.
We see no basic reason why PIP coverage may not be legislatively differentiated from UM coverage with respect to such territorial restrictions. Especially when one considers that determinations concerning UM coverage will implicate applicable liability principles of a foreign country, problems of investigation access and the like that are not required for a determination of PIP benefits. For the reasons discussed, we affirm the trial judge's decision rendering RCIC liable to pay PIP benefits to plaintiff emanating from the automobile accident which occurred in Hungary.
In her cross-appeal, plaintiff argues that the judge erred in treating the application for counsel fees as one involving an exercise of the court's discretion and argues further, that he abused that discretion in failing to make such an award here citing, R. 4:42-9(a)(6). At oral argument she expanded the basis for reversal by arguing that if one successfully enforces one's rights under a liability policy in an arbitration proceeding, one is entitled to an award of counsel fees, as provided in N.J.S.A. 39:6A-5c, and that a fortiori, a claimant should be entitled to recover counsel fees in a suit brought to enforce such contract rights. See also N.J.S.A. 39:6A-13g. We perceive such an argument to be without merit and adhere to our previous position that in these circumstances "[t]he allowance of counsel fees and the amount awarded remain discretionary with the trial court." Helton v. Prudential Property & Cas. Ins. Co., 205 N.J. Super. 196, 200 (App.Div. 1985). Cf. Stewart by Stewart v. Allstate Ins. Co., 200 N.J. Super. 350, 356 (App. Div. 1985), rev'd in part on other grounds, 103 N.J. 139 (1986), specifically dealing with recovery of counsel fees in a PIP suit.
*169 Further, we are satisfied that the decision of the trial judge not to award counsel fees here did not amount to a mistaken exercise of that discretion. Helton v. Prudential Property & Cas. Ins. Co., supra, 205 N.J. Super. at 201 Enright v. Lubow, 215 N.J. Super. 306 (App.Div. 1987), certif. den. 108 N.J. 193 (1987).
Affirmed.
NOTES
[1] Plaintiff points out that RCIC did not rely upon nor call to the attention of the trial judge this particular statute but chose to rely upon N.J.S.A. 39:6-46, which was repealed in 1979. However, rather than to ignore RCIC's present argument we elect to consider it on the merits. See Nieder v. Royal Indemnity Ins. Co., 62 N.J. 229, 234 (1973). Cf. Tulipano v. U.S. Life Ins. Co., 57 N.J. Super. 269, 274 (App.Div. 1959).