232 N.J. Super. 455 (1989)
557 A.2d 686
PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, PLAINTIFF-RESPONDENT,
v.
THEODORE W. MYERS AND BRENDAN MYERS, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 21, 1989.
Decided April 24, 1989.
*456 Before Judges MICHELS, LONG and MUIR, Jr.
Schaff, Motiuk, Gladstone, Moeller and Reed, attorneys for appellants (Donald F. Scholl and Robert B. Reed, of counsel; Donald F. Scholl, on the brief and reply brief).
Robert A. Auerbach, attorney for respondent (Randi S. Greenberg, on the brief).
The opinion of the court was delivered by MUIR, Jr., J.A.D.
This appeal focuses on the enforceability of an automobile insurance policy provision restricting uninsured motorist (UM) coverage to personal injury losses sustained in the United States, its territories or possessions, or Canada. Plaintiff issued a policy with that restriction to defendant Theodore Myers. The policy named defendant Brendan Myers as an additional insured. Brendan Myers sustained bodily injury when struck by an uninsured motor vehicle in British West Indies. Plaintiff paid personal injury protection benefits (PIP), as required by terms of the policy, but denied a claim to arbitrate damages for bodily injury. After issue joined in this declaratory judgment suit to enforce the policy's territorial *457 restriction, the trial judge granted plaintiff's motion for summary judgment. The trial judge did so based on the conclusion that N.J.S.A. 17:28-1.1a permitted the territorial restriction.
Defendants appeal arguing, alternatively, the statute should not be read to permit the policy's territorial coverage restriction; the restriction is against public policy; the statutory territorial restriction is unconstitutional because it is overly broad and denies equal protection; and the trial judge improperly assumed jurisdiction and should have allowed the claim to proceed to arbitration. We conclude the policy's territorial restriction is in conformance with N.J.S.A. 17:28-1.1 and is enforceable. We find defendants' other contentions to be without merit. R. 2:11-3(e)(1)(E).
The enforceability of the territorial restriction is governed by the provisions of N.J.S.A. 17:28-1.1. That statute, in pertinent part, mandates that New Jersey insurers must provide UM coverage
for payment of all or part of the sums which the insured ... shall be legally entitled to recover as damages from the operator or owner of an uninsured motor vehicle ... because of bodily injury ... caused by accident and arising out of the ownership, maintenance or use of such uninsured ... motor vehicle anywhere within the United States or Canada. [Emphasis added.]
The plain language of the statute makes uninsured motorist coverage compulsory only for losses that occur in the United States or Canada. In light of that language, we are not free to look beyond the literal dictates of the words and phrases used. See Dacunzo v. Edgye, 19 N.J. 443, 451 (1955). A clear and unambiguous statute is not open to judicial construction, and to do so where it is not required does violence to the doctrine of separation of powers. See Watt v. Mayor and Council of Borough of Franklin, 21 N.J. 274, 277 (1956). It would be sophistry and judicial legislation to rule otherwise.
Nevertheless, plaintiff suggests Hermann v. Rutgers Cas. Ins. Co., 221 N.J. Super. 162 (App.Div. 1987), supports a different result. We disagree. In Hermann we dealt with a territorial restriction on PIP benefits, not UM coverage. There, we *458 expressly noted the lack of coextensivity between the statutory territorial restriction on UM coverage and PIP benefits.
In sum, we find the territorial restriction on UM coverage enforceable as being within the plain language of N.J.S.A. 17:28-1.1. Accordingly, we affirm.