439 A.2d 160

**Carol GERARDI**

v.

**HARLEYSVILLE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 20, 1981.

Filed Dec. 18, 1981.

Petition for Allowance of Appeal Denied Feb. 26, 1982.

William H. Pugh, II, Norristown, submitted a brief on behalf of appellant.

Lawrence Sager, Pottstown, for appellee.

Before HESTER, DiSALLE and POPOVICH, JJ.

PER CURIAM:

Appellee, Carol Gerardi, was injured in an automobile accident which occurred on the island of St. Lucia. At the time of the accident, the automobile in which appellee was a passenger was uninsured. However, appellee carried an automobile insurance policy issued by the appellant, Harleysville Insurance Company, which included uninsured motorist coverage, but which did not cover accidents occurring outside of "the United States of America, its territories or possessions, Puerto Rico or Canada." St. Lucia is an independent nation and, of course, does not fall within any of the areas enumerated. Appellant refused appellee's claim for uninsured motorist benefits, citing the territorial restriction clause in appellee's policy. Appellee filed suit against appellant and the lower court granted appellee's Motion for Partial Summary Judgment, finding the territorial restriction to be in violation of the Uninsured Motorists Act, Act of August 14, 1963, P.L. 909, § 1, as amended, 40 P.S. § 2000 (hereinafter the Act). Appellant filed this appeal.[1] We affirm the lower court.

The issue here is whether a territorial restriction provision in an uninsured motorist's policy is valid and enforceable as a matter of law. There is a split of authority in other jurisdictions regarding this issue—decisions upholding the exclusion include *Transamerica Insurance Company v. McKee*, 27 Ariz.App. 158, 551 P.2d 1324 (1976); *Kvalheim v. Farm Bureau Mutual Insurance Company*, 195 N.W.2d 726 (Iowa 1972); *American Casualty Co. v. Foster*, 31 Misc.2d

---

1. Appellant's brief does not contain a Statement of Jurisdiction, Pa.R.A.P. 2111(a)(1) and 2114, nor an Order in Question, Pa.R.A.P. 2111(a)(2) and 2115. These omissions are serious, and such practice should not be repeated.

818, 219 N.Y.S.2d 815 (1961); holding the exclusion invalid: *Mission Insurance Company v. Brown*, 63 Cal.2d 508, 47 Cal.Rptr. 363, 407 P.2d 275 (1965); *cf. Touchette v. Northwestern Mutual Insurance Company*, 80 Wash.2d 327, 494 P.2d 479 (1972) (citing *Mission Insurance Company v. Brown*).

█ In Pennsylvania, uninsured motorist insurance is legislatively controlled by the Act. It is axiomatic that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a) (Supp. 1981–82). Primary consideration should be given to the language of the statute. 1 Pa.C.S.A. § 1921(c) (Supp. 1981–82). Appellant argues that the exclusion should be permitted in the policy because the Act does not explicitly proscribe such a limitation. We disagree. Subsection (e) of the Act sets forth those instances in which a policy may provide that "[t]he coverage required by . . . [the Act] does not apply. . . ." Appellant concedes that no territorial limitation is authorized or provided for in subsection (e). It is an elementary rule of statutory construction that "[e]xceptions expressed in a statute shall be construed to exclude all others." 1 Pa.C.S.A. § 1924 (Supp. 1981–82). Under the circumstances, we can only conclude that it was the legislature's intention not to permit any territorial exclusion.[2]

Nor does an examination of the spirit of the Act help the appellant. Our courts have found that

> [t]he purpose of the uninsured motorist law is to provide protection to innocent victims of irreponsible [sic] drivers. . . .

*Sands v. Granite Mutual Insurance Company*, 232 Pa.Super. 70, 78, 331 A.2d 711, 716 (1974), citing *Harleysville Mut. Cas. Co. v. Blumling*, 429 Pa. 389, 241 A.2d 112 (1968).

2. It will also be noted that nowhere does the Act explicitly permit such a territorial limitation.

Traditionally, this statute has been construed liberally, with courts exercising a pronounced propensity to find coverage unless equally strong legal or equitable considerations to the contrary are present; any conditions or restrictions in an insurance policy which are held to be in derogation of the legislative purpose of the uninsured motorist law are void as against public policy. *See Adelman v. State Farm Mutual Insurance Co.*, 255 Pa.Super. 116, 386 A.2d 535 (1978); *Sands v. Granite Mutual Insurance Co.*, 232 Pa.Super. 70, 331 A.2d 711 (1974). Additionally, the statute "mandates a floor of minimum protection to be afforded to the owner/operator of a motor vehicle within the Commonwealth. The legislature has permitted enhancement of that minimum protection, but we believe the statute does not permit a diminution of that protection below the statutory limits." *State Farm Mutual Automobile Insurance Co. v. Williams*, [481 Pa. 130, 139–40, 392 A.2d 281, 285 (1978) ]. . . .

*Brader v. Nationwide Mutual Insurance Company*, 270 Pa. Super. 258, 263, 411 A.2d 516, 519 (1979).

■ It is apparent, therefore, that not only is the language of the statute free from ambiguity in excluding territorial limitations, but that the spirit of the statute calls for the same result. *See also Shamey v. State Farm Mutual Automobile Insurance Company*, 229 Pa.Super. 215, 331 A.2d 498 (1974) (An uninsured motorists clause in an insurance contract must be interpreted to effect the legislative intent, and any conditions or restrictions in the policy in derogation of that end are void as against public policy). It is clear that protection of the insured person from the uninsured is of paramount concern under the legislative scheme as enunciated in the Act.

■ Finally, we do not believe that we are placing upon insurance companies the burden of unlimited fraudulent claims. As this court stated in *Webb v. United Services Automobile Association*, 227 Pa.Super. 508, 520, 323 A.2d 737, 743 (1974), "[t]o provide the maximum coverage consist-

ent with avoidance of fraudulent claims, it is only necessary to require that the plaintiff prove his case."

The order of the lower court is affirmed.

HESTER, J., files a dissenting statement.

HESTER, Judge, dissenting:

I dissent. I would hold that the territorial restriction provision contained in the within uninsured motorist's policy of insurance is valid and enforceable as a matter of law. The statute is silent as to territorial coverage and/or limitation or exclusion. It is obvious that the Legislature did not consider this matter. The Legislature was concerned only with exclusion of property damage, personal injury claims which were settled without the knowledge of the insurer, or instances where no fault would insure to the benefit of a workmans compensation carrier.

It is of interest to here note that the Pennsylvania Supreme Court had the following comment concerning territorial no fault coverage, in *State Farm Mutual Automobile Insurance Company v. Williams*, 481 Pa. 130, 392 A.2d 281 at 285 (1978):

> The above statute mandates a floor of minimum protection to be afforded to the owner/operator of a motor vehicle *within the Commonwealth*. The legislature has permitted enhancement of that minimum protection, but we believe the statute does not permit a diminution of that protection below the statutory limits. (Emphasis added).

The majority would provide Pennsylvania no-fault benefits to an individual involved in an accident which occurred on the island of Santa Lucia while a passenger in an uninsured motor vehicle. I respectfully submit that this will further contribute to the fiasco known as Pennsylvania No-Fault.

I would reverse and enter Judgment on the pleadings in favor of appellant.