488 A.2d 48

**Kassiani SEREFEAS**

v.

**NATIONWIDE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued July 24, 1984.

Filed Jan. 30, 1985.

James M. Marsh, Philadelphia, for appellant.

George Wm. Georges, Philadelphia, for appellee.

Before CIRILLO, MONTEMURO and CERCONE, JJ.

CERCONE, Judge:

This is an appeal by Nationwide Insurance Company from a judgment entered in the trial court in favor of Kassiani Serefeas in the amount of $14,309.40, plus interest, in her claim for benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act (Act).[1] Nationwide denied her claim on the basis of an exclusion clause in her policy which limited coverage to accidents occurring only in the United States, its territories or possessions, and Canada. The trial court found this clause to be violative of the language and intent of the No-fault Act. We affirm.

Plaintiff-appellee Serefeas (appellee) is a citizen of the United States and a Pennsylvania resident. While riding as a passenger with her brother, a resident of Greece, through Yugoslavia on November 10, 1978, his uninsured vehicle struck another in the rear. As a result of this motor vehicle accident, appellee sustained various bodily injuries. She was hospitalized in Yugoslavia, Greece, and Pennsylvania for her injuries.

Appellee was insured under a policy issued to her husband which provided basic personal injury protection (no-fault benefits) to appellee as spouse of an insured residing in his household. Nationwide refused payment of appellee's no-fault benefits on the basis of the territorial exclusion clause of the policy:

1. 40 P.S. §§ 1009.101, *et seq.*

All coverages apply in Canada, the United States of America and its territories and possessions, or between their ports. All coverages except Uninsured Motorist coverage apply to occurrences in Mexico if within 50 miles of the United States boundary.

This policy exclusion is authorized by various regulations promulgated by the Insurance Commissioner, which address the relevant issue of "basic loss benefits," and provide:

Basic loss benefits shall apply to accidents which occur within the United States of America, its territories or possessions or Canada. 31 Pa.Code § 66.1–201.

This endorsement is designed to modify a private passenger automobile liability policy so that it will meet the minimum requirements for provisions of basic loss benefits coverage ... This coverage applies only to accidents which occur during the policy period and within the United States of America, its territories and possessions or Canada. 31 Pa.Code § 66.2(A).

Appellee filed an action in assumpsit on October 15, 1980, seeking recovery of no-fault benefits under the policy. Appellant filed Preliminary Objections to her Complaint in the nature of a demurrer, based on the territorial exclusion clause. In her Answer to the Preliminary Objections, appellee alleged that the policy's territorial exclusion clause was void as contrary to the spirit and letter of the Act. Appellant's Preliminary Objections were denied, an arbitration hearing was held at which appellee, waiving expenses incurred in Yugoslavia and Greece, presented a claim for expenses incurred only in Pennsylvania. The Board of Arbitrators ruled in appellee's favor and awarded her $14,-309.40, including her U.S. medical expenses, net work loss, replacement service expenses, and interest.

The issue for our determination is whether the territorial exclusion clause and the relevant regulations of the Insurance Commissioner are contrary to the intent of the Legislature as it appears in the No-fault Act.

Our starting point is the Act itself. Under § 1009.102(b), Purposes, is this pronouncement:

Therefore, it is hereby declared to be the policy of the General Assembly to establish at reasonable cost to the purchaser of insurance, a Statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims and the survivors of deceased victims.

Then, § 1009.201, Right to basic loss benefits; limitations on benefits, provides:

(a) Accident within this State.—If the accident resulting in injury occurs in this Commonwealth, any victim or any survivor of a deceased victim is entitled to receive basic loss benefits in accordance with the provisions of this act.

(b) Accident outside this State.—If the accident resulting in injury occurs outside of this Commonwealth, a victim or a survivor of a deceased victim is entitled to receive basic loss benefits if such victim was or is:

(1) an insured, or

(2) the driver or other occupant of a secured vehicle.

Thus, eligible victims who are injured outside of this state are intended to be compensated.

Appellant reasons that the Act pertains only to accidents occurring in any state of the United States, in the District of Columbia, in Guam or in the Virgin Islands, by citing §§ 102, 103, and 110 of the Act. § 102 speaks in terms of "intrastate," "Commonwealth highways," and, "Statwide" system, under "Findings and Purposes". § 103, Definitions, defines "state" as above. § 110 refers to the applicability of insurance of a motor vehicle by an owner in this Commonwealth to compliance with another state's requirements for such when the vehicle is operated there. Thus, appellant contends, the territorial exclusionary clause of its policy and the regulations of the insurance commissioner are authorized by the Act.

This piecemeal approach indicates the contrary to this court. It is not clear that what the Legislature meant in § 201 by "outside of this Commonwealth" was limited to any state in this country, the District of Columbia, Guam or the Virgin Islands. Especially is this true when § 1009.208,

Ineligible claimant, is considered. That section excludes converters of motor vehicles and those who intentionally injure themselves or others from the benefits of the Act. As this court said in *Gerardi v. Harleysville Insurance Co.*, 293 Pa.Superior Ct. 375, 378, 439 A.2d 160, 161 (1981): [2]

"It is an elementary rule of statutory construction that 'exceptions expressed in a statute shall be construed to exclude all others'. 1 Pa.C.S.A. § 1924 (Supp.1981–82)."

No mention in the No-fault Act is made of an intent to exclude those injured outside a certain distance of the territorial boundaries of Pennsylvania. In fact, without qualification, as quoted above, § 1009.201 of the Act provides for coverage for those injured "outside of this Commonwealth" if the eligible victim or survivor of a deceased victim was or is (1) an insured; or (2) the driver or other occupant of a secured vehicle. The plaintiff in this case qualifies as an insured; appellant concedes this, but denies her benefits because she was injured too far from Pennsylvania.

It is helpful to refer to the Uniform Motor Vehicle Reparations Act (UMVARA),[3] Section 2(b), which is very similar to § 1009.201(b) of the Pennsylvania Act.

Section 2(b) reads:

(b) If the accident causing injury occurs outside this State, the following persons and their survivors suffering loss from injury arising out of maintenance or use of a motor vehicle have a right to basic reparation benefits:

(1) basic reparation insureds, and

(2) the driver and other occupants of a secured vehicle, other than (i) a vehicle which is regularly used in the course of the business transporting persons or property and which is one of 5 or more vehicles under common ownership, or (ii) a vehicle owned by an obligated

---

**2.** In *Gerardi*, this court rejected an almost identical territorial exclusion in an uninsured motorist's policy and described it as contrary to the Uninsured Motorists Act, 40 P.S. § 2000(e), and, as such, declared it as invalid and unenforceable as a matter of law.

**3.** D.S. Shrager, The Pennsylvania No-Fault Motor Vehicle Insurance Act 547, Appendix D, (1979).

government other than this State, its political subdivision, municipal corporations or public agencies.

The Comment to that section explains:

To the extent this Section entitles persons to basic reparation benefits for injury caused by accidents outside this State, there are no territorial limits to that entitlement. Basic reparation insureds are thus covered for motor vehicle injury accidents on a world-wide basis, and occupants of a secured vehicle are covered whenever the vehicle is operated.

This interpretation in the UMVARA is consistent with the purposes of the No-fault Act of providing maximum feasible restoration of victims of motor vehicle accidents. While it is true that the "Findings and purpose," section 1009.102 of the Act speaks in terms of "over Commonwealth highways" and a "Statewide system," we do not understand that language to limit those who may benefit to victims of accidents occurring in Pennsylvania. No one is arguing that limitation. The Act itself provides for compensation for accidents occurring outside the Commonwealth.

We are persuaded that no limitations can reasonably be grafted into the "outside the Commonwealth" language of Section 1009.201(b). The purpose of the Act to provide maximum feasible compensation and the spirit of the Act as not expressly limiting coverage to any particular area command such a result.

■ Nationwide argues that its exclusion was written in reliance on the regulation of the commissioner which also purported to authorize such a limitation.[4] However, as our court ruled in *Wilbert v. Harleysville Mut. Ins. Co.*, 254 Pa.Superior Ct. 217, 385 A.2d 987 (1978), an administrative agency may not promulgate regulations contrary to the legislative intent expressed in the statutory provision to

4. One commentator has expressed this opinion regarding the regulation at issue:

Although the Pennsylvania No-fault Act itself is silent on the subject, the Insurance Department regulations limit the availability of basic loss benefits to "accidents which occur within the United States of America, its territories or possessions or Canada." The

which the regulation relates, citing *Xerox Corp. v. City of Pittsburgh*, 15 Pa.Cmwlth. 411, 417, 327 A.2d 206, 210 (1974). In that case, the insurer incorporated an exclusion into its uninsured motorist policy that appeared in a sample form of the insurance commissioner. The exclusion was clearly not adopted by the legislature, so our court struck both the insurance department's regulation and the particular policy's exclusion.

■ In the instant case, as has been seen, legislative intent was not expressed. However, our interpretation of the language and the spirit of the No-fault Act persuades us that the trial court was correct in invalidating the territorial exclusion.

Judgment affirmed.

exclusion has recently been declared invalid in the context of uninsured motorist coverage. In *Schmitt v. Hertz*, [6 D. and C.3d 410 (Allegheny Co., 1978)] and insured woman was injured in Poland. Her claim for no-fault benefits was denied, based upon the territorial exclusion included in the model no-fault policy. The court held that the exclusion was invalid, citing the intent of the Uninsured Motorist Act to provide broad coverage, and the failure of the legislature to include such an exclusion in the specific language of the Act. The continued validity of the territorial exclusion in Pennsylvania no-fault cases is, therefore, a matter of significant doubt.

Schrager, *supra,* at pp. 138–9.