## Dailey v. Pennsylvania Assigned Claims Plan

*James A. Butz,* for plaintiff.
*Kevin J. Sommar,* for defendants.

FRANCIOSA, *J.,* February 20, 1987—This matter comes before the court upon defendant's preliminary objection, in the nature of a demurrer, to plaintiff's complaint.

On August 28, 1985, plaintiff, David Dailey, was injured in a three-car accident that occurred in New Jersey. At the time of the accident, plaintiff was a passenger in his uncle's 1970 Cadillac. Because plaintiff's uncle had allowed his motor vehicle in-

surance policy to lapse, the car was not covered by a policy of insurance at the time of the accident.

On July 11, 1986, plaintiff applied to the Pennsylvania Assigned Claims Plan for medical and additional coverage benefits. The PACP assigned the claim to Travelers Insurance Co. Upon reviewing the claim, Travelers denied plaintiff's action for the reason that the accident occurred in the state of New Jersey. On September 26, 1986, plaintiff commenced the action captioned above against the PACP and Travelers.

Defendants demur to plaintiff's complaint on the ground that plaintiff is not an eligible claimant under the Assigned Claims Plan. The Motor Vehicle Financial Responsibility Act, 75 P.S. §1752 provides the following:

"§1752 Eligible claimants

"(a) General rule. — A person is eligible to recover benefits from the Assigned Claims Plan if the person meets the following requirements:

"(1) Is a resident of this commonwealth,

"(2) Is injured as the result of a motor vehicle accident occurring in this commonwealth,

"(3) Is not an owner of a motor vehicle required to be registered under chapter 13 (relating to registration of vehicles),

"(4) Is not the operator or occupant of a motor vehicle owned by the federal government or any of its agencies, departments or authorities,

"(5) Is not the operator or occupant of a motor vehicle owned by a self-insurer or by an individual or entity who or which is immune from liablity for, or is not required to provide, benefits or uninsured and underinsured motorist coverage,

"(6) Is otherwise not entitled to receive any first-party benefits under sections 1711 (relating to required benefits) or 1712 (relating to availability of

benefits) applicable to the injury arising from the accident,

"(7) Is not the operator or occupant of a recreational vehicle not intended for highway use, motorcycle, motor-driven cycle or motorized pedalcycle or other like type vehicle required to be registered under this title and involved in the accident.

"(b) Grounds for ineligibility — A person otherwise qualifying as an eligible claimant under subsection (a) shall nevertheless be ineligible to recover benefits from the Assigned Claims Plan if that person contributed to his own injury in any of the following ways:

"(1) While intentionally injuring himself or another or attempting to intentionally injure himself or another,

"(2) While committing a felony,

"(3) While seeking to elude lawful apprehension or arrest by a law enforcement official,

"(4) While knowingly converting a motor vehicle."

Defendants contend that the above language clearly demonstrates that the Legislature did not intend to compensate through the PAPC those individuals who are injured outside the commonwealth. We agree. The statute sets forth in clear and unambiguous language that the Legislature intended to deny coverage to those claimants not meeting the requirements of section 1752. Since the accident in the case at bar occurred in New Jersey, it is equally clear that plaintiff is not an eligible claimant under the PAPC.

Plaintiff contends, however, that 75 P.S. §1752, enacted in 1984, should be read in light of the act it repealed, the former Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. §1009.101 et seq. Plaintiff argues that under the former law it was de-

termined that no territorial exclusions would be allowed to restrict coverage to accidents occurring outside the commonwealth.

In the absence of case law interpreting 75 P.S. §1752, we begin our analysis by comparing the assigned claims plans in the two acts to determine whether their terms are sufficiently similar so that we may discern how an appellate court would construe the new act.

Under the former No-fault Motor Vehicle Insurance Act, 40 P.S. §1009.108 (repealed) provided in pertinent part:

"§1009.108. Assigned Claims Plan

"(a) General.—

"(1) If this act is in effect on the date when the accident resulting in injury occurs, a victim or the survivor or survivors of a deceased victim may obtain basic benefits through the Assigned Claims Plan established pursuant to subsection (b) of this section, if basic loss insurance:

"(A) is not applicable to the injury for a reason other than those specified in the provisions on ineligible claimants,

"(B) is not applicable to the injury because the victim converted a motor vehicle while he was under 15 years of age,

"(C) applicable to the injury cannot be identified,

"(D) applicable to the injury is inadequate to provide the contracted-for benefits because of financial inability of an obligor to fulfill its obligations, or

"(E) benefits are refused by an obligor for a reason other than that the individual is not entitled in accordance with this act to receive the basic loss benefits claimed."

In addition, section 1009.201 (repealed) provided:

"§1009.201 Right to basic loss benefits; limitation on benefits ·

"(a) Accident within this state. — If the accident resulting in injury occurs in this commonwealth, any victim or any survivor of a deceased victim is entitled to receive basic loss benefits in accordance with the provisions of this act.

"(b) Accident outside this state. — If the accident resulting in injury occurs outside of this commonwealth, a victim or a survivor of a deceased victim is entitled to receive basic loss benefits if such victim was or is:

"(1) an insured; or

"(2) the driver or other occupant of a secured vehicle."

Under the provisions of the former No-fault Act, uninsured motorists were provided with basic loss benefits when they were injured within the commonwealth. However, a victim's eligibility for benefits under the Assigned Claims Plan was restricted by section 1009.201(b). Thus, a claimant involved in an accident outside the state became eligible for benefits under the Assigned Claims Plan only if he was (1) insured, or (2) the driver or occupant of an insured vehicle.

The new act expressly provides for this exclusion within section 1752. There, an eligible claimant qualifies for coverage only if the person meets the listed requirements. Among those listed are requirements that the person be a resident of this commonwealth *and* receive injuries as a result of a motor vehicle accident occurring in the commonwealth. Clearly, the new act assembles in one place the various provisions scattered throughout the former No-fault Act. And, the new act unambiguously provides for a more rigid list of eligibility requirements for claimants to recover under the PACP.

Nevertheless, plaintiff has cited several cases in support of his argument against territorial exclusion

of coverage. In *Serefeas v. Nationwide Insurance Co.*, 388 Pa. Super. 587, 488 A.2d 48 (1985), the victim was an insured passenger involved in an accident outside the commonwealth. The insurance company denied coverage based upon a territorial exclusion clause in its policy. The court found that the territorial exclusion clause was void because the act was intended to compensate victims injured outside the state. In *Schmitt v. Hertz,* 61 D.&C.3d 410 (1978), the victim was an insured occupant of a car involved in an accident in Poland. Her claim for no-fault benefits was denied by the insurance company based upon a territorial exclusion clause found in the insurance department regulations. The court again found such a territorial exclusion clause invalid.

These cases are clearly distinguishable from the case at bar because both involve insured victims. Under section 201(b) of the former act, an *insured* victim involved in a collision was able to recover basic loss benefits. This was so because the purpose of the act was to provide coverage to those who are insured regardless where the accident occurred. At the same time, the law was conversely held not to provide coverage for *uninsured* victims in out-of-state accidents. See *Tierney v. Pennsylvania Assigned Claims Plan,* 319 Pa. Super. 299, 466 A.2d 168 (1983). The court there reasoned that elimination of coverage for uninsured residents involved in out-of-state accidents would contribute to lower costs, easier administration and enforcement of the no-fault insurance system. Moreover, that court noted that the victim was not without recourse since he could pursue damages through filing a complaint in trespass.

We therefore conclude that even if we found the two statutes sufficiently similar so as to permit a

borrowing of former judicial interpretation of the No-fault Act, we would still find that an uninsured victim involved in an out-of-state accident would not be entitled to recover benefits under the Assigned Claims Plan. See *Tierney,* supra.

We need not rest our decision on this point, however, since we have already concluded that 75 P.S. § 1752 clearly and unambiguously excludes plaintiff from recovering under the Assigned Claims Plan. We likewise note that plaintiff is not precluded in any way by our decision from pursuing his claim for damages through filing a complaint.

Wherefore, we enter the following

## ORDER

And now, this February 20, 1987, defendant's preliminary objection is sustained. Accordingly, plaintiff's complaint is dismissed with prejudice.