625 A.2d 1232

Jonathan W. HALL

v.

AMICA MUTUAL INSURANCE COMPANY, William J. Skelly and Harold M. Faust, Jr.

Appeal Of AMICA MUTUAL INSURANCE COMPANY.

Superior Court of Pennsylvania.

Argued April 1, 1993.

Filed June 1, 1993.

Benjamin E. Zuckerman, West Conshohocken, for appellant.

Marshall A. Bernstein, Philadelphia, for appellees.

Before TAMILIA, POPOVICH and CERCONE, JJ.

TAMILIA, Judge:

Amica Mutual Insurance Company appeals from the judgment entered in favor of Jonathan W. Hall in the sum of $3,000,000 plus six per cent interest from September 30, 1991, the date of the arbitration award, to April 29, 1992, the date of judgment.

In 1989, appellee was seriously injured in an automobile accident which occurred in Barbados. The accident happened when his car was forced off the road by another motorist who subsequently left the scene. As a result of the accident, appellee sustained numerous and catastrophic injuries.

At the time of the accident, appellee had an automobile insurance policy with appellant which provided him with uninsured motorist benefits of $1,000,000 per accident. He was also insured under an AMICA policy carried by his parents with whom he lived. It provided $1,000,000 uninsured motorist coverage for each accident and each of their two vehicles. Through stacking, the total amount of coverage available to appellee was $3,000,000.

Appellant denied appellee's claim for uninsured motorist benefits, citing a provision in its policy which stated that the policy applies only to accidents and losses which occur within the United States of America, its territories or possessions, Puerto Rico or Canada.

The case was submitted to arbitration, and the panel read briefs and heard oral argument on the issue of the enforceability of the territorial exclusion provision. Based upon *Gerardi v. Harleysville Insurance Co.*, 293 Pa.Super. 375, 439 A.2d 160

(1981), the panel declared the restriction invalid and, on September 30, 1991, awarded appellee $3,000,000.

The trial court, relying upon Pennsylvania cases in which appellate courts reviewed awards where a *claimant* challenged a provision of an insurance policy as being contrary to public policy or a constitutional, legislative or administrative mandate, denied appellant's petition to vacate the award, finding it lacked jurisdiction to review the arbitrator's decision, See *Azpell v. Old Republic Insurance Co.*, 526 Pa. 179, 584 A.2d 950 (1991); *Davis v. Government Employees Insurance Co.*, 500 Pa. 84, 454 A.2d 973 (1982); *Sands v. Andino*, 404 Pa.Super. 238, 590 A.2d 761 (1991), *appeal denied*, 529 Pa. 641, 600 A.2d 1259 (1991); *Kester v. Erie Insurance Exchange*, 399 Pa.Super. 206, 582 A.2d 17 (1990), *appeal denied*, 527 Pa. 624, 592 A.2d 45 (1991); and *Webb v. United Services Automobile Association*, 227 Pa.Super. 508, 323 A.2d 737 (1974). Here, the trial court refused jurisdiction since the *insurer* was asking the court to overturn the arbitration panel's finding that a provision in the policy was contrary to a legislative mandate.

The trial court also based its conclusion upon the following passage from *Webb, supra:*

> Since the type of action in which a court will take jurisdiction is necessarily an attack on the policy itself, and since today the carrier always writes the policy, the carrier may never seek direct judicial determination, for to do so would be to attack the very policy it had written. The carrier could only seek a direct judicial determination where it wishes to contest a regulation or statute requiring a certain clause.

*Id.* at 516 n. 8, 323 A.2d at 741 n. 8. Here, appellant is not attacking its policy, but is instead asking the court to review a decision which invalidated a provision in its policy.

■ We disagree with the trial court and find it had jurisdiction to review the panel's award. Although numerous cases state a court can review a claimant's unsuccessful challenge of a provision on certain grounds, *supra*, our extensive research uncovered no cases which state a court may not

review an appeal of an insurer from a successful challenge of a provision by a claimant.

In *Serefeas v. Nationwide Insurance Co.*, 338 Pa.Super. 587, 488 A.2d 48 (1985), without specifically addressing the jurisdiction issue, this Court and the trial court entertained the same type of challenge as the one before us. Serefeas was injured but her claim to Nationwide was denied because of a territorial exclusion provision in her policy. The arbitrators ruled in the claimant's favor, the trial court rejected the insurer's challenge to the board's finding that the territorial exclusion clause was violative of the language and intent of the No-fault Act, and this Court affirmed having been persuaded "the trial court was correct in invalidating the territorial exclusion." *Id.* at 593, 488 A.2d at 51.

Logically, we cannot permit a claimant who loses an arbitration decision to raise this issue and allow the court to review it, while under the same circumstances, prohibit an insurer from defending its policy provisions when the arbitration panel ruled they were contrary to legislative mandate.

■ Although the trial court incorrectly determined it lacked jurisdiction to vacate the award, it nonetheless reviewed the merits of the case and in its well reasoned analysis, with which we agree, found that the territorial exclusion contained in appellant's policy was invalid and unenforceable.

The seminal case is the one which was applied by the arbitration panel, *Gerardi v. Harleysville Insurance Co.*, 293 Pa.Super. 375, 439 A.2d 160 (1981). The Superior Court held that a territorial restriction provision in a Pennsylvania motor vehicle insurance policy which excludes from uninsured motorist coverage, accidents occurring outside of the United States, its territories or possessions, Puerto Rico or Canada, is invalid and unenforceable at law. The Superior Court stated that the paramount concern under the Uninsured Motorist Act is the protection of the insured person from those who are uninsured, therefore, the territorial exclusion violates the purpose of the Act.

The holding of *Gerardi* was followed in the case of *Serefeas v. Nationwide Insurance Co.*, 338 Pa.Super. 587, 488 A.2d 48 (1985). In *Serefeas*, an automobile policy was issued which contained a territorial exclusion limiting coverage to accidents occurring only in the United States, its territories or possessions, and Canada. The plaintiff was injured in an automobile accident in Yugoslavia and claimed uninsured motorist benefits. Nationwide denied the claim under its territorial exclusion clause.

Relying on *Gerardi*, the *Serefeas* court observed that both the No–Fault Act and the Uninsured Motorist Act specifically stated which exclusions would be permitted by the statute. The Superior Court held that Nationwide could not deny benefits to the plaintiff merely because she had been injured too far from Pennsylvania since "no mention in the No–Fault Act is made of an intent to exclude those injured outside a certain distance of the territorial boundaries of Pennsylvania". As in *Gerardi*, the court held that the territorial exclusion in the policy was invalid.

Since *Gerardi* and *Serefeas*, Pennsylvania's legislature has not placed any territorial exclusions in subsequently enacted automobile insurance laws, or indicated in any way a desire to overturn the decisions of the court on the subject. The relevant section of the Uninsured Motorist Act, Section 2000(e), which governs the instant case, remains the same today as it was when *Gerardi* was decided. Although the No–Fault Act, which was the subject of *Serefeas*, has since been repealed, the subsequent Motor Vehicle Financial Responsibility Law was equally silent on territorial exclusions. 75 P.S. § 1701, *et seq.* The same is true of the most recently enacted Motor Vehicle Financial Responsibility Act. Defendant's heavy reliance on the enactment of later statutes governing insurance benefits totally fails to deal with the underlying reasoning of *Gerardi*, namely the absence of specific language by the legislature and the territorial exclusion's violation of public policy.

(Slip Op., Kremer, J., 11/13/92, pp. 9–10.)

Appellant stresses the territorial exclusion has been upheld in many other jurisdictions mainly for the public policy con-

cern of controlling the cost of purchasing insurance. While this concern is legitimate, we are constrained to follow Pennsylvania law, which justifiably places a greater interest on protecting its citizens against injuries caused by uninsured motorists no matter where the accident occurs.

Appellant also contends *Gerardi* failed to consider that the Insurance Commissioner of Pennsylvania issued regulations under the Uninsured Motorist Act which specifically authorized insurance companies to use a territorial limitation. *See* 31 Pa.Code § 63.2. This argument fails since it is well established "an administrative agency may not promulgate regulations contrary to the legislative intent expressed in the statutory provisions" to which the regulation relates. *Mitchell v. Travelers Insurance Co.*, 522 Pa. 545, 555, 564 A.2d 1232, 1237 (1989).

Finally, we do agree with appellant that the trial court erred in awarding six per cent interest from the date of the award to the date of the judgment since the interest plus the principal amount of the verdict exceeded the allowable amount under the policy limits. Generally, "absent an insurer's agreement to do so, an insurer is not liable for interest in excess of policy limits." *Incollingo v. Ewing*, 474 Pa. 527, 536, 379 A.2d 79, 84 (1977); overruling *Hafer v. Schauer*, 429 Pa. 289, 239 A.2d 785 (1968). Noting that the policy was silent with respect to the recovery of interest, the trial court incorrectly concluded there existed an ambiguity which had to be construed in favor of the insured. Words in a contract are ambiguous when they are "reasonably capable of being understood in more than one sense" or they are "subject to more than one interpretation." *Black's Law Dictionary* 73 (5th ed. 1979). Here, the policy was not ambiguous with respect to the interest issue but was instead silent. Therefore, we must follow the rule announced in *Incollingo* and disallow the interest awarded in addition to the $3,000,000.

Judgment of $3,000,000 affirmed; judgment as to the payment of interest vacated.

Jurisdiction relinquished.