Dennis R. BROWNE and Sharon Browne, his wife,
Appellants,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, Appellees.

Superior Court of Pennsylvania.

Argued Jan. 28, 1998.

Filed June 23, 1998.

Lawrence J. Neary, Harrisburg, for appellants.

Randy Burch, Reading, for appellee.

Before CAVANAUGH, EAKIN and STEVENS, JJ.

EAKIN, Judge:

Dennis and Sharon Browne appeal from an order denying their petition for interest and court costs related to an arbitration award for uninsured motorist benefits. We reverse.

Appellant Dennis Browne suffered extensive injuries in a 1991 motor vehicle accident; this appeal derives from an arbitration award entered June 8, 1994, in favor of appellants for $500,000, the maximum available under their insurance policy. There was no appeal, but as social security disability benefits were received by appellants, Nationwide moved to modify the arbitration award and did not pay $187,000 of it; Nationwide suggested this amount should be offset under Section 1722 of the Motor Vehicle Financial Responsibility Law[1]. The trial court agreed, and on January 18, 1995, granted Nationwide's petition for modification, reducing the award to approximately $313,000. We reversed April 18, 1996, at 449 Pa.Super. 661, 674 A.2d 1127, and our Supreme Court denied allocatur, 545 Pa. 674, 682 A.2d 306. Appellee paid the remaining $187,000 October 21, 1996.

On October 31, 1996, appellants filed a petition to confirm the arbitration award and recover post-arbitration interest on the amount Nationwide withheld; appellants claim $27,483.88 in interest accrued from June 8, 1994 through October 21, 1996, plus $201.97 in court costs. Nationwide denied liability for interest, alleging the arbitration award exhausted appellants' policy limit of $500,000. The court agreed and denied appellants' petition; this timely appeal followed.

■ Appellants pose a single question for our review: Is a casualty insurer liable for post-arbitration interest on an award that exhausts the insured's policy limits? Nationwide argues interest is available only where the total amount recovered does not exceed the policy limit. We disagree.

■ The common law rule that one withholding payment is responsible for interest is codified at 42 Pa.C.S. Section 8101, which provides:

Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award.

Nationwide concedes, as it must, no statute exists precluding appellants' right to post-award interest. Nevertheless, they insist our holding is controlled by *Incollingo v. Ewing*, 474 Pa. 527, 379 A.2d 79 (1977), which posits a general proposition that absent express language to the contrary, "an insurer is not liable for interest in excess of policy limits." *Id.*, at 530, 379 A.2d at 84.[2]

■ The issue of interest arises in two contexts. First, there may be interest ac-

---

1. 75 Pa.C.S. § 1701, *et seq.*

2. *Incollingo* involved indemnification and the insurer's maximum liability for claims against the insured by third parties. In that case, the "total policy limit" was held to be the maximum award for liability and interest comprising the judgment against the insured. Our Supreme Court underscored this principle by indicating,

   [t]he 'policy limit' includes not only the liability coverage but also all other amounts for interest, costs or expenses which the insurer has contracted to pay. The insurer contracts to pay these other items to be fair to the insured since the insurer has control of the litigation until all legal recourse is exhausted. *Incollingo*, 474 Pa. at 537–38, 379 A.2d at 84. Thus, interest is an expense separate from liability, which may or may not be covered in the contract; absent language to the contrary, an indemnity insurer is not responsible for pre-judgment interest above that which it contractually agreed to pay.

crued between the time of injury or liability, and the time the insurer's obligation to pay for the injury or liability is fixed, normally the time of verdict or judgment; this is the interest considered by the general rule in *Incollingo et al.* Secondly, there may be interest accrued after the obligation is fixed, when "all legal recourse is exhausted"; this may be referred to as post-judgment interest.[3] That is the type of interest now before us. Once the arbitration award was made and not appealed, Nationwide's obligation was fixed. While the obligation to that point may have been capped by policy limits, once the award was established, it becomes as any other judgment covered by Section 8101; it is not removed from the general law calling for interest, applicable to all debtors, simply because the obligor is an insurer.

■ The same is true for any contract; that contract may limit the initial liability, including pre-award interest, but a private contract does not defeat the post-award interest called for by statute. To hold otherwise would allow an insurer to keep the money as long as it sees fit, earning interest itself and denying same to the party to whom the money really belongs.

There was a legitimate post-award dispute about the setoff, but this was not a matter resolved on the language of the insurance contract. This was a question of setoff under the MVFRL, after the basic contractural obligation was fixed. While a good faith argument, it was an unavailing argument in the end, and does not defeat appellants' entitlement to interest on that which was rightfully theirs as of the date of the verdict.

■ We find the principle articulated in *Incollingo* and its progeny inapplicable to the present situation, and decline to extend its applicability to post-judgment interest. We find particularly relevant the syllogism propounded by the distinguished Judge Gibbons of the Third Circuit Court of Appeals in

*Howmet Aluminum Co. v. Hartford Accident and Indemnity Co.*, 665 F.2d 476 (3d Cir. 1981):

> The trial court's reliance on *Incollingo* is misplaced, for that case dealt with liability insurance rather than, as here, casualty insurance. *Incollingo*, and the case which it follows, *Hafer v. Schauer*, 429 Pa. 289, 239 A.2d 785 (1968),[4] both deal with the obligation of a liability insurer to indemnify the insured for interest for which the insured becomes liable to third parties, when the total liability, including interest due by virtue of a Pennsylvania statute providing for interest after verdict, exceeds the policy limits. *These cases hold that the policy limits determine the amount of liability insurer's indemnity undertaking. They have nothing to do with the separate question whether a casualty insurer is liable for interest for wrongfully withholding contractual payments for a loss.* The limits contained in such a policy establish how much of the loss is covered, but they do not authorize withholding of monies due under the contract. The common law rule is that one who owes a sum of money at a date certain is obliged to pay interest for withholding payment. *Penneys v. Pennsylvania Railroad Co.*, 408 Pa. 276, 183 A.2d 544 (1962). That rule is applicable to insurance contracts. *J. Purdy Cope Hotels Co. v. Fidelity–Phenix Fire Ins. Co.*, 126 Pa.Super. 260, 191 A. 636 (1937). Even a bona fide dispute as to the amount due on the contract is no bar to the accruing of interest. *West Republic Mining Co. v. Jones & Laughlins*, 108 Pa. 55 (1885); *Samuels v. California Ins. Co.*, 192 Pa.Super. 484, 162 A.2d 48 (1960); *J. Purdy Cope Hotels Co. v. Fidelity–Phenix Fire Ins. Co.*, *supra*.

*Id.*, at 478–79 (emphasis added).

Nationwide's duty to pay was established in June 1994. Interest on their obligation, to that point, would be subject to the policy

---

**3.** *Incollingo* notes that while "judgment" and "verdict" have different meanings in other contexts, they are synonymous for purposes of determination of interest.

**4.** We note that *Incollingo* followed *Hafer* only to the extent it stood for the general proposition

that an insurer is not liable for interest in excess of policy limits. In all other aspects, *Hafer* "should no longer be considered good law in Pennsylvania." *Incollingo*, 474 Pa. at 536, 379 A.2d at 84.

limits, and the total owed would be capped at $500,000. However, once Nationwide's duty to pay appellants was resolved, interest may thereafter accrue without regard for the limits on the primary obligation. Their failure to pay must be at their peril; to hold otherwise would allow them to retain the funds without consequence.

We acknowledge the ostensibly contrary language in *Hall v. Amica Mutual Insurance Co.*, 425 Pa.Super. 548, 625 A.2d 1232 (1993), in which a panel of this Court, solely relying on *Incollingo*, denied interest on grounds the insurance contract failed specifically to provide for interest. While we cannot tell if the distinctions made herein were presented to that panel, our Supreme Court rendered the question of interest moot by declining to address it while reversing that decision on other grounds, at 538 Pa. 337, 648 A.2d 755 (1994). We find the instant case and *Incollingo* fundamentally different and therefore decline to follow the mooted holding of *Hall*, whatever its precedential value.

Absent a specific statutory provision to the contrary, we find Nationwide obligated for interest on that portion of the arbitration award wrongfully withheld from June 8, 1994, until October 21, 1996.[5] Were a different result intended, our legislature would have enacted a statutory provision to the contrary. *See* 42 Pa.C.S. § 8101. Appellants are also entitled to court costs under Pa.R.A.P. 2741.

We reverse the order entered April 17, 1997, and award appellants $27,483.88 in interest, and $201.97 in costs. Appellant's additional claim for further "interest on the interest" is denied.

Order reversed. Jurisdiction relinquished.

---

**5.** Nationwide argues the monies were not "wrongfully withheld" because the trial court originally agreed the sum was properly offset as social security benefits. We reversed that holding and consequently, find this contention irrelevant. *See J. Purdy Cope Hotels Co. v. Fidelity–Phenix Fire Ins. Co.*, 126 Pa.Super. 260, 191 A. 636 (1937)(party liable for interest notwithstanding bona fide dispute).