**Sutika v. Erie Insurance Co.**

C.P. of Clearfield County, no. 93-71-CD.

*Arthur Cutruzzula,* for plaintiff.
*Robert Hanak,* for defendant.

REILLY, *P.J.,* December 18, 1998—The above-captioned civil action arises out of a motor vehicle accident. On August 2, 1987, 4-year-old Jennifer Sutika was killed in a single vehicle accident in Penn Township Clearfield County. This underinsured motorist case was decided by arbitrators. Upon praecipe submitted on behalf of Michael Sutika, plaintiff, the prothonotary subsequently entered a judgment of $250,000 plus interest and costs against Erie Insurance Company/Erie Insurance Exchange, defendant. Defendant filed a petition to open and/or modify judgment and maintains that it is only liable for $200,000, the amount of the policy limits. Plaintiff's position is basically that the judgment has been rendered and the amount of coverage is not an issue. Oral argument on the motion was held on November 3, 1998, before the undersigned.

The vehicle involved in the accident was an AMC Eagle operated by Sandy Verrelli and insured by the Horace Mann Insurance Company. Plaintiff settled with Horace Mann Insurance Company for $100,000, the liability policy limits. Plaintiff also settled a products liability claim against Chrysler/AMC for $250,000.

The matter against the defendant based on the plaintiff's policy went to arbitration. The arbitrators were not asked to find a specific amount of underinsured motorist coverage, and there was no stipulation con-

cerning it.[1] Further, the award is silent as to under-insurance coverage. The arbitrators' decision was signed on December 18, 1992.[2] In the award, the arbitrators found Verrelli negligent and set the plaintiff's damages at $500,000.[3] A deduction in the amount of $100,000 was deemed proper to account for the money paid under the Verrelli insurance policy with Horace Mann. Two of the three arbitrators held that the $250,000 paid by Chrysler/AMC should not be deducted from the award.

Defendant filed an appeal from insurance arbitration award with this court under the Uniform Arbitration Act of 1980, 42 Pa.C.S. §§7301-7320, on January 18, 1993. Defendant argued that the failure to allow credit for the settlement with Chrysler/AMC resulted in an error of law. The appeal was denied by this court on December 17, 1993. The prothonotary entered judgment against defendant on February 17, 1994, and judgment was mailed to defendant on February 23, 1994.[4] An appeal was filed with the Superior Court by the defendant, which the defendant voluntarily discontinued.

On June 10, 1994, defendant filed a petition to open and/or modify judgment complaining that the judgment was an amount greater than the legal obligation set forth by the policy. In lieu of an evidentiary hearing, the parties filed a stipulation of facts.

It is disputed between the parties whether two or three vehicles are covered for the purpose of stacking.

---

1. The attorneys for both parties signed a stipulation of facts, which was filed September 12, 1996. See paragraph 11 therein.

2. Stipulation of facts, exhibit A.

3. The arbitrators found that $100,000 of the award was to be paid under the wrongful death action, and the remainder paid under the survival action. *Id.*

4. Stipulation of facts, paragraph 21.

On the declaration sheet, three automobiles were listed; a 1984 Pontiac, a 1980 Chevrolet pickup, and a 1977 Starcraft camper.[5] It is undisputed that the unstacked coverage is $100,000, and the stacked coverage is $100,000 multiplied by the vehicles to be stacked. Defendant's position is that premiums were paid for underinsurance coverage on only two vehicles.

The purpose of arbitration is to expeditiously and inexpensively resolve disputes. *Allstate Insurance Co. v. Fioravanti,* 451 Pa. 108, 116, 299 A.2d 585, 589 (1973). In order to prevent arbitration from being "merely an unnecessary step in the course of litigation, causing delay and expense, but settling nothing finally," judicial review of an arbitration award is severely circumscribed. *Id.* at 114 n.4, 299 A.2d 589 n.4.

The terms of the insurance policy control what issues are to be decided by arbitration and procedures to be utilized. *Prudential Property and Casualty Insurance Co. v. Pont,* 489 F. Supp. 9, 12 (D.C. Pa. 1979). According to the terms of the plaintiff's insurance policy,[6] "[d]isagreement over the legal right to recover damages or the amount of damages will be settled by arbitration." The policy's automobile endorsement further states that "arbitration will follow the statutory arbitration provisions of the Pennsylvania Uniform Arbitration Act (42 Pa.C.S. §§7301 through 7320)."

Under the Uniform Arbitration Act, an application to the arbitrators for the purpose of modifying, correcting or clarifying an award must be made within 10 days after delivery of the award to applicant. 42 Pa.C.S.

5. Stipulation of facts, exhibit B.
6. Stipulation of facts, exhibit L.

§7311. In order to vacate an arbitration award, it is necessary to challenge the award within 30 days after delivery of a copy of the award to the applicant. 42 Pa.C.S. §7314(b).

The statutory provision regarding change of an award by arbitrators provides:

"(a) General rule.—On application of a party to the arbitrators, or on submission to the arbitrators by the court under such conditions as the court may order if an application to the court is pending under section 7313 (relating to confirmation of award by court), section 7314 (relating to vacating award by court) or section 7315 (relating to modification or correction of award by court), the arbitrators may modify or correct the award upon the grounds stated in section 7315(a)(1) and (2), or for the purpose of clarifying the award." 42 Pa.C.S. §7311.

Modification or correction of award by court, section 7315, states:

"(a) General rule.—On application to the court made within 30 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

"(1) there was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

"(2) the arbitrators awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted." 42 Pa.C.S. §7315.

Further, the Superior Court in *McIntosh v. State Farm Fire and Casualty Company,* 425 Pa. Super. 311, 625

A.2d 63 (1993) stated that "the court *may* within its discretion, resubmit an award for clarification while the petition to confirm is *pending*" even though State Farm failed to file an application for clarification of the award or a petition to vacate, modify, or correct the award within the time periods provided in the statute. *Id.* at 315, 625 A.2d at 65. If the court decides to resubmit an arbitration award, "it results not from the action of one of the parties by filing a petition, but through the discretion of the court itself when the award on its face is unclear." *Scheidly v. Travelers Insurance Co.,* 33 D.&C.4th 193, 197 (1996).

Since defendant discontinued its appeal, it appears to be undisputed that under the applicable provisions of the Uniform Arbitration Act, the arbitrators' award will not be vacated based on an allegation that the award was contrary to law. *Cigna Insurance Co. v. Squires,* 427 Pa. Super. 206, 628 A.2d 899 (1993), *alloc. denied,* 537 Pa. 638, 644 A.2d 161 (1994). In *Boyce v. St. Paul Property and Liability Insurance Co.,* 421 Pa. Super. 582, 618 A.2d 962 (1992), the appellant claimed that the arbitration award was excessive, without alleging a ground found in the statute. *Id.* at 594, 618 A.2d at 968. The court held that alleging an excessive award is not "a sufficient basis to vacate the award." *Boyce,* 421 Pa. Super. at 594, 618 A.2d at 968. "[U]nless restricted by the agreement of submission, arbitrators are the final judges of both law and fact." *Messa v. State Farm Insurance Co.,* 433 Pa. Super. 594, 599, 641 A.2d 1167, 1169 (1994) (citing *Brennan v. General Accident Fire and Life Assurance Corp. Ltd.,* 524 Pa. 542, 550, 574 A.2d 580, 583 (1990)).

The federal courts, interpreting Pennsylvania state law, have been divided as to whether policy coverage

is an issue for the courts or the arbitrators. *Nationwide Insurance Co. of Columbus, Ohio v. Patterson,* 953 F.2d 44, 47 (C.A.3 (Pa.) 1991). The majority of district court decisions addressing this issue have held that "questions concerning the extent of coverage under an insurance policy are within the scope of an arbitration clause unless there is language in the clause that explicitly excludes coverage issues from the scope of arbitration." *Id.* (citations omitted) Therefore, under Pennsylvania law, a clause in an insurance policy calling for arbitration of disputes concerning "amount of damages" encompasses decisions about the maximum amount of coverage available under the policy; if insurer had wished to exclude questions of coverage from scope of arbitration, it could have specifically done so. *Aetna Casualty & Surety Co. v. Hameen,* 758 F. Supp. 1049 (E.D. Pa. 1990).

Case law is also somewhat unsettled on the issue of whether underinsured motorist insurance benefits may be stacked under Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §§1701-1799.7, to allow recovery in excess of the liability limits. *Boling v. Aetna Casualty and Surety Co.,* 12 D.&C.4th 36 (1991). However, "Pennsylvania appellate courts over the past two decades have consistently permitted the stacking of uninsured and underinsured motorists benefits" and "there is no language within the Motor Vehicle Financial Responsibility Law excluding the stacking of underinsured coverage." *Id.* at 39. In addition, this issue is one that interprets the law (*i.e.* MVFRL).

Where an arbitration award was made and not appealed, the obligation became fixed. *Browne v. Na-*

*tionwide Mutual Insurance Co.,* 713 A.2d 663, 665 (Pa. Super. 1998). In dealing with interest, the Superior Court stated, "[w]hile the obligation to that point may have been capped by policy limits, once the award was established, it becomes as any other judgment covered by section 8101; it is not removed from the general law calling for interest, applicable to all debtors, simply because the obligor is an insurer." *Id.* When examining whether an obligation is limited, it is necessary to look at the contract. *Id.* Post-award interest may accrue on a final arbitration award to an amount exceeding the liability limitations set forth in the contract. *Browne,* 713 A.2d at 664.

In conclusion, the insurance policy has been thoroughly examined. The provisions do not limit the arbitrators' decision, and apparently no such instruction was given to them. It specifically states that the Uniform Arbitration Act will be applicable, and defendant concedes that it did not follow the procedure outlined therein for challenging the arbitrators' award. Further, defendant has not alleged any ground for this court to alter the arbitration award. Although both parties presented persuasive arguments and case law, this court finds the position taken by the plaintiff to be more compelling.

Wherefore, the court enters the following:

## ORDER

Now, December 18, 1998, based on the foregoing opinion, it is the order of this court that the petition of Erie Insurance Company/Erie Insurance Exchange for an order opening and/or modifying the arbitration award rendered on December 18, 1992, is hereby denied.